**Anthony L. PARKER, Petitioner,**

v.

**Herman J. JOHNSON, Warden,
Respondent.**

**No. CIV.A.1:97CV1112–WBH.**

United States District Court,
N.D. Georgia,
Atlanta Division.

March 20, 1998.

Anthony L. Parker, Oglethorpe, GA, pro se.

Angelica Maeve Woo, Paula K. Smith, State of Ga. Law Dept., Atlanta, GA, for respondent.

*ORDER*

HUNT, District Judge.

Before the Court is respondent's Motion to Dismiss petitioner Anthony L. Parker's habeas corpus application for lack of exhaustion or, alternatively, for untimeliness [5]. The Magistrate Judge has issued a Report and Recommendation recommending granting the motion to dismiss for lack of exhaustion. Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections to the Report and Recommendation within ten days of receipt of the magistrate judge's report. If objections are filed, the Court must conduct *de novo* review. *Nettles v. Wainwright,* 677 F.2d 404, 409 (Former 5th Cir. Unit B 1982). However, where, as here, no objections are filed to the Report and Recommendation, it is reviewed for plain error only. *United States v. Slay,* 714 F.2d 1093, 1095 (11th Cir.1983), *cert. denied,* 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984).

## I. BACKGROUND

Parker, proceeding *pro se,* has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 27, 1990, Parker was convicted of aggravated sodomy, possession of a firearm during the commission of a crime, aggravated assault, and simple battery. He was sentenced to life imprisonment and consecutive terms totaling fifty-two years. On December 27, 1990, Parker filed a motion for a new trial, which was denied on May 10, 1995, after the trial court held two evidentiary hearings. Parker then appealed his conviction, and on February 21, 1996, the Court of Appeals for the State of Georgia affirmed his convictions and sentences, Parker has not sought state habeas corpus relief. On April 23, 1997, Parker filed the instant petition for a writ of habeas corpus. His petition contains thirty-three grounds for habeas relief, most of which have been exhausted by virtue of their being raised on direct appeal.

## II. DISCUSSION

Respondents argue that Parker's application must be dismissed for lack of exhaustion or, in the alternative, for untimeliness.

### A. *Timeliness*

■ Under the newly enacted Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a court is required to dismiss a habeas petition that the prisoner files more than one year after the date state review of his case is complete or within one year of the expiration of the time during which he could have sought direct review. 28 U.S.C. § 2244. This one year statute of limitations is tolled while a properly filed petition for state court review or other collateral review is pending. *Id.* at § 2244(d)(2). While the Eleventh Circuit has not yet addressed the issue, several courts of the Northern District of Georgia equitably toll the statute of limitation where the petitioner's conviction became final prior to the enactment of section 2244. *See Green v. Wharton,* 1997 WL 404278 (N.D.Ga. July 15, 1997); *Holmes v. Wharton,* 1997 WL 115837 (N.D.Ga. Feb.27, 1997). The Court

agrees that equitable tolling is warranted in such a situation. The Court further finds, as do three of the four circuits having addressed the issue, that a bright-line, one year period from enactment of the AEDPA is a reasonable time in which to file a habeas petition. *See Calderon v. United States D.C. for the Cent. Dist. of Ca.,* 128 F.3d 1283 (9th Cir. 1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 899, —— L.Ed.2d —— (1998); *United States v. Simmonds,* 111 F.3d 737 (10th Cir.1997); *Lindh v. Murphy,* 96 F.3d 856 (7th Cir.1996), *rev'd on other grounds,* —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *but see Peterson v. Demskie,* 107 F.3d 92 (2d Cir. 1997) (holding that proper test for timeliness is whether application was filed within "reasonable time"). Applying this one year grace period, Parker would have had until April 23, 1997 in which to file his habeas claim.[1] Since Parker filed on the last permissible day, his application is timely.

### B. *Exhaustion*

■ Parker's petition is a "mixed application," containing both exhausted and unexhausted grounds. As a matter of comity, state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus application challenging custody resulting from a state court judgment. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Where, as here, state remedies exist, a petitioner must exhaust those remedies before a federal court can consider his habeas claim. 28 U.S.C. § 2254(b)(1). A claim is exhausted only when it has been properly brought before an appropriate state forum. *Castille v. Peoples,* 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). When a petition contains unexhausted claims, it must normally be dismissed without prejudice. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Here, petition has exhausted only the following grounds for habeas relief: Grounds Two, Six, Seven, Nine, Ten, Thirteen,[2] Fourteen, Fifteen, Seventeen, Eighteen, Nineteen, Twenty, Twenty-two, Twenty-three, Twenty-

---

1. The AEDPA became effective on April 24, 1996.

2. With regard to Ground Thirteen, Parker has exhausted his claims that his character was im-

permissibly placed into evidence only as it relates to the testimony of Natalie Aldridge, his claims regarding the testimony of Janet Vogt were not addressed on direct appeal.

four, Twenty-five, Twenty-six, Twenty-seven, Twenty-eight[3], and Thirty (a)–(f), (i), (j), and (h)–(p).[4] Petitioner's remaining grounds are unexhausted. By the Court so finding, petitioner is left with the choice of returning to state court to exhaust his claims or of amending his complaint to delete unexhausted claims. *Rose,* 455 U.S. at 510, 102 S.Ct. at 1199.

■ Parker has requested that the Court hold his application in abeyance pending exhaustion of his claims. This a court should not do absent extraordinary circumstances. *See, e.g., United States v. Ortiz,* 136 F.3d 161 (D.C.Cir.1998) (holding that absent "extraordinary circumstances," abeyance is not warranted); *Christy v. Horn,* 115 F.3d 201 (3d Cir.1997) (concluding that abeyance is proper only in "unusual circumstances"); *Victor v. Hopkins,* 90 F.3d 276 (8th Cir.1996) ("exceptional circumstances"). Typically, the AEDPA's one year statute of limitation does not create an extraordinary circumstance, because the statute of limitation is tolled while a petitioner's claims are properly under state review. *See Ashmus v. Calderon,* 977 F.Supp. 987, 992 (N.D.Cal.1997). When the petition contains both exhausted and unexhausted grounds, the question arises as to whether section 2244(d)(2) tolls the statute of limitations on all claims, both exhausted and unexhausted, or whether only unexhausted claims are tolled. Few courts have addressed this issue, but those courts that have examined the question have uniformly held that the statute of limitations is tolled during the pendency of all claims, regardless of whether certain claims are already exhausted. *See Ashmus,* 977 F.Supp. at 992 ("it appears that a petitioner can file his/her unexhausted claims in state court and have the statute of limitations tolled on all claims"); *Valentine v. Senkowski,* 966 F.Supp. 239 (S.D.N.Y.1997) (holding that "the 1 year period of limitations does not begin to run until after direct review has been completed and state post-conviction review has been exhausted"); *Parisi v. Cooper,* 961 F.Supp. 1247 (N.D.Ill.1997) (holding that proper course for court faced with mixed application is to dismiss with leave to refile after all claims are final); *Martin v. Jones,* 969 F.Supp. 1058 (M.D.Tenn.1997) (concluding that pending state review tolls limitation on all claims). The Court agrees. First, construing the statute to toll only those certain claims pending before a state court would, given the necessarily slow pace of state review, result in time barring all but the last claims to undergo state review. Second, tolling all claims until they can be consolidated in one habeas petition furthers Congress' purpose of eliminating piecemeal litigation and streamlining the process of habeas review. *See* H.R.Rep. No. 104–23 (noting that purpose of AEDPA is to curb delay and repetitive litigation). Third, by providing that the statute of limitation is tolled "with respect to the *pertinent judgment* or claim," the language of the statute itself suggests Congress' intent to toll of all claims. 28 U.S.C. § 2244(d)(2).

However, Parker's situation is not typical. Because he has no claims pending in state proceedings and because he waited until the date on which the one year grace period expired, tolling of the statute of limitations provides him no help. Section 2244(d) time bars any petition not filed within one year of the date on which "judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). Parker's convictions became final on February 21, 1996. Taking into account the one year judicially imposed grace period, the statute of limitation on Parker's petition expired on April 23, 1997, two months later than it would have absent the grace period. Parker filed his pro se petition on the last possible day; therefore, as soon as his petition is dismissed, the statute of limitations on his claims will have run. Given this, the Court must examine whether an extraordinary circumstance warranting a

---

**3.** Parker claims insufficiency of the evidence to support his conviction in Ground Twenty-eight. Although he did not specifically challenge the sufficiency of the evidence on direct appeal, the Court agrees with the magistrate judge that this ground is nonetheless exhausted by virtue of the Court of Appeals of the State of Georgia's finding that there was sufficient evidence to support the convictions.

**4.** The State concedes, and the Court agrees, that these claims are exhausted. Therefore, the Court finds plain error in the Magistrate Judge's finding that only ten claims were exhausted.

grant of abeyance exists. When Congress enacted section 2244(d), it clearly anticipated that some petitioners would be foreclosed from bringing their habeas applications because of the newly imposed statute of limitations. Furthermore, this Court recognizes that in *Rose*, the Supreme Court held that a mixed petition must be dismissed without prejudice. *See Rose*, 455 U.S. at 522, 102 S.Ct. at 1205. However, *Rose* was decided before passage of the AEDPA, and it is clear that the Court did not anticipate this situation. There, the Court noted that a rule requiring total exhaustion was not unduly unfair because petitioner "can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims. By invoking this procedure, however, the petitioner would risk forfeiting consideration of his *unexhausted* claims in federal court." *Rose*, 455 U.S. at 520, 102 S.Ct. at 1204 (emphasis added).

Parker's risk is much greater, for he risks forfeiting *all* his claims—both unexhausted and exhausted. That is too much to demand for the sake of expediency. It would be unduly harsh to effectively time bar Parker's petition for a writ of habeas corpus, including those exhausted grounds that, but for the mixed nature of Parker's petition, would be properly before the Court. On the other hand, Parker has not yet begun the long process of seeking state review on his many unexhausted claims, and it would clearly thwart Congress' intent to expedite the federal habeas review process if the Court were to hold the entirety of Parker's petition in abeyance until completion of state review. Therefore, the Court finds that the interests of justice are best served by ordering Parker's petition to be held in abeyance as to only those grounds that have been exhausted. Parker has 45 days from the date of this Order in which to amend his complaint so as to delete all unexhausted claims. Parker is of course free to pursue state relief on his unexhausted claims, however, federal habeas review of those currently unexhausted claims will be time barred.