**Dennis E. JONES, Plaintiff,**

v.

**Gerald BERGE, Defendant.**

**No. 00–C–0130.**

United States District Court, E.D. Wisconsin.

May 19, 2000.

---

Dennis E. Jones, pro se.

Mary Burke (Ass't Atty. Gen.-State of WI), Madison, WI, for Defendant.

### DECISION AND ORDER

ADELMAN, District Judge.

On January 14, 2000, Dennis E. Jones, incarcerated at the Supermax Correctional Institute at Boscobel, Wisconsin, filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction was imposed in violation of the Constitution.[1]

In keeping with Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt preliminary consideration as follows:

---

1. I note for any future challenges to the timeliness of this habeas petition that the filing date is December 8, 1999. The clerk of court created the docket and filed the petition for docketing purposes on January 14, 2000, because that is when the filing fee was belatedly received; Jones had requested prison officials to send it more than a month before, on December 8, 1999, at the same time he gave them the petition for mailing. For statute of limitations purposes, a habeas petition filed by a pro se prisoner is deemed filed when given to the proper prison authorities for mailing—which in the absence of evidence to the contrary I presume to be the date of the prisoner's cover letter—and not when received or docketed by the district court clerk. *See Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir.1999) (adopting "mailbox rule" for pro se habeas petitioners). This is true even if the petition is not accompanied by the required filing fee or a petition for leave to proceed in forma pauperis. *See id.* at 503.

If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Rule 4, Rules Governing § 2254 Cases. During my initial Rule 4 review of habeas petitions, I generally look to see whether the petitioner has exhausted available state remedies and has set forth cognizable constitutional or federal law claims.

Jones sets forth six categories of claims for habeas relief. Because he concedes that two categories—deprivation of the right to counsel on appeal, and ineffective assistance of counsel on appeal—have not been exhausted in the state courts, there is no need to assess whether he has set forth cognizable claims.

## I.  EXHAUSTION

■■■ An application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process, or circumstances exist that render such process ineffective to protect the applicant's rights. *See* 28 U.S.C. § 2254(b)(1). A claim is considered exhausted only if the petitioner has provided the state courts with a full and fair opportunity to review his claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This generally requires appealing state court decisions all the way to the state supreme court. *See O'Sullivan*, 526 U.S. at 847, 119 S.Ct. 1728. This doctrine of exhaustion allows state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971) (internal quotation marks omitted).

■■■ A petition for writ of habeas corpus should be dismissed without prejudice if state remedies are not exhausted as to *any one* of the petitioner's claims. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Cruz v. Warden of Dwight Correctional Ctr.*, 907 F.2d 665, 667 (7th Cir.1990). The rule of *Rose v. Lundy* is to be "strictly enforced." *Strickland v. Washington*, 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In this case, Jones asserts that he raised the issues asserted here in the state courts, first in a postconvicton motion filed under Wis. Stat. §§ 809.30, 974.02; then to the state Court of Appeals; and then to the state Supreme Court. (Pet. ¶¶ 12–13, 15.) However, as mentioned above, Jones also acknowledges that he has not presented two of his claims—denial of appellate counsel and ineffective assistance of appellate counsel—to the state courts. (Mot. to Stay ¶ 4.) Thus, Jones's petition is a so-called "mixed" or "partially exhausted" habeas petition, presenting both exhausted and unexhausted claims.

## II.  APPROPRIATE RESPONSE TO PARTIAL EXHAUSTION

If I applied the rule of *Rose v. Lundy* in a mechanical rather than sensible way, I would do no more than dismiss the case as presenting a mixed or partially exhausted petition. To be sure, the dismissal would be without prejudice to Jones's filing a new federal habeas petition once he had exhausted his currently unexhausted claims in the state courts.

However, under current habeas corpus law, Jones would be time barred from making such a renewed petition. This is because, in 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA") to tighten many procedural aspects of habeas relief in the federal courts. One of AEDPA's new restrictions

imposed, for the first time, a time limit requiring that petitions be presented to the federal courts within a year of a trigger date, which, for most purposes, is the expiration of direct review or the time for seeking such direct review of the petitioner's conviction. *See* 28 U.S.C. § 2244(d)(1)(A).

## A. Calculation of Filing Deadline Under § 2244(d)(1)(A)

I consider the filing deadline to be the expiration of time to petition the United States Supreme Court for certiorari, which is ninety days following the decision of the state supreme court. *See* Sup.Ct. R. 13.1. These ninety days should be included within "the time for seeking such [final direct] review" provided in § 2244(d)(1)(A). A line of Supreme Court cases holds that direct review is final only after the time for seeking certiorari with that court has expired. *See Griffith v. Kentucky,* 479 U.S. 314, 321, n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649 ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.") (citing *United States v. Johnson,* 457 U.S. 537, 542 n. 8, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982) (citing *Linkletter v. Walker,* 381 U.S. 618, 622 n. 5, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965))); *Allen v. Hardy,* 478 U.S. 255, 258 n. 1, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986) (per curiam) ("By final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed ...") (quoting *Linkletter,* 381 U.S. at 622 n. 5, 85 S.Ct. 1731). *See also Barefoot v. Estelle,* 463 U.S. 880, 887, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) ("[T]he process of direct review ..., if a federal question is involved, includes the right to petition this Court for a writ of certiorari."); *Bell v. Maryland,* 378 U.S. 226, 232, 84 S.Ct. 1814, 12 L.Ed.2d 822 (1964) ("In the present case, the [state court judgment] is not yet final, for it is on direct review in this Court.").

The Seventh Circuit has recognized the question of whether this line of cases controls § 2244(d)(1)(A), but so far has not answered it. *See Gendron v. United States,* 154 F.3d 672, 674 & n. 2 (7th Cir.1998) (holding that period to apply for certiorari is not included for *federal* prisoners under similar but different statute, 28 U.S.C. § 2255, but expressly stating, "we do not address the question of whether a prisoner who filed for leave to appeal to the state supreme court would have the time for filing certiorari with the United States Supreme Court included in his 'direct review' for the purposes of *§ 2244* ") (emphasis added), *cert. denied sub nom. Ahitow v. Glass,* —— U.S. ——, 119 S.Ct. 1758, 143 L.Ed.2d 790 (1999); *Freeman v. Page,* 208 F.3d 572, 573 (7th Cir.2000) (same).

Those circuits which have addressed the question have uniformly found that this ninety-day period is included. *See Ross v. Artuz,* 150 F.3d 97, 98 (2d Cir.1998) ("[W]hen [the] time to seek direct review in the United States Supreme Court by writ of certiorari expire[s]."); *Kapral v. United States,* 166 F.3d 565, 575 (3d Cir.1999); *United States v. Torres,* No. 98–7657, 211 F.3d 836, 838 (4th Cir.) (following Seventh Circuit's decision in *Gendron* relating to federal prisoners' deadline under § 2255, but distinguishing § 2244(d)(1)(A)); *United States v. Thomas,* 203 F.3d 350 (5th Cir.2000); *United States v. Arrevalo Garcia,* 210 F.3d 1058, 1060 (9th Cir.2000); *United States v. Lacey,* No. 98–3030, 162 F.3d 1175 (table), 1998 WL 777067, at *1 (10th Cir. Oct.27, 1998). *See also Adams v. United States,* 173 F.3d 1339, 1342 (11th Cir.1999) ("The Third and Tenth Circuits have held that a judgment of conviction becomes final when the Supreme Court denies certiorari or the time expires for seeking certiorari."). I agree with these circuits that under *Griffith v. Kentucky* the controlling language, "the expiration of the time for seeking such [final] review," § 2244(d)(1)(A), must include the ninety days for seeking certiorari in the United States Supreme Court.

In Jones's case, the petition asserts that the state Supreme Court denied his petition for review on December 8, 1998. His deadline for filing a federal habeas action, therefore, would be the next day,[2] December 9, 1998, plus the ninety-day period to file for certiorari in the United States Supreme Court, plus a year under § 2244(d)(1)(A). I calculate this date as approximately March 9, 2000, which lapsed more than two months ago. A renewed habeas petition filed in federal district court as early as today would therefore be too late under § 2244(d)(1)(A).

### B. Non–Availability of Tolling Under § 2244(d)(2)

■ To be sure, AEDPA allows a petitioner's efforts to seek collateral relief in the *state* courts to toll (that is, extend) the one-year deadline for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(2).[3] Nonetheless, a mixed petition filed in federal court does not toll the deadline under § 2244(d)(2). *See Kethley v. Berge*, 14 F.Supp.2d 1077, 1079 (E.D.Wis.1998) ("time is not tolled while an improperly filed *federal* habeas petition is gathering dust on district court shelves"). *See also Jones v. Morton*, 195 F.3d 153, 158 (3rd Cir.1999) ("[W]e are persuaded by the analysis of the majority of Courts that have considered the issue that the statute of limitations is *not* tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court."); *Sperling v. White*, 30 F.Supp.2d 1246, 1252 (C.D.Cal.1998) ("When a petitioner files an *unexhausted* petition in federal court, however, the review process does not progress toward finality. The review process remains at a standstill, until the petitioner later returns to state court to exhaust available state remedies as to all claims pursued. Tolling limitations while the review process remains at this standstill would not serve the overall object and policy of the AEDPA.") (emphasis added) (footnote citing *Rose v. Lundy*, 455 U.S. at 509, 102 S.Ct. 1198, omitted).

■■ Thus, even though Jones's petition was filed in this court for docketing purposes on January 14, 2000, and for purposes of § 2244(d)(1)(A) on December 8, 1999, *see supra* note 1, the time that this case has been pending does not toll Jones's time for filing a subsequent habeas petition after exhausting his unexhausted claims in state court. Moreover, unless Jones happened to properly file a state court action raising his unexhausted claims before approximately March 9, 2000, such a suit would not toll his time to file under AEDPA, because there would no time left to toll after that date. *See Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998). For these reasons, any later, properly exhausted habeas petition that Jones files would be time-barred under § 2244(d).

### C. Remedy

■ As discussed above, even though the dismissal of the present petition would technically be without prejudice to refiling later, after exhausting all claims in state court, it would in effect be with prejudice, because the later petition would be dismissed as untimely under AEDPA's statutory time limit.[4] For that reason, Jones

---

**2.** The day of the act from which the designated period begins to run—here, the Wisconsin Supreme Court's denial of Jones's petition for review—is not included in calculating the period. *See* Sup.Ct. R. 30.1.

**3.** Such tolling is allowed only for *properly filed* state court applications for collateral relief. *See* § 2244(d)(2). The Seventh Circuit follows the lead of the state courts in determining whether a given application for relief in the state courts was properly filed; if they

dismissed it for procedural flaws, then it was not properly filed. *See Freeman*, 208 F.3d at 576.

**4.** In rare circumstances district judges may apply equitable tolling to petitions filed untimely under § 2244(d). *See Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir.1999). However, such equitable tolling is available only in "[e]xtraordinary circumstances far beyond the litigant's control." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000).

would never receive a federal habeas decision on any of his claims.

*Rose v. Lundy* was explicit that its rule requiring dismissal of mixed petitions should not be used "to trap the unwary pro se prisoner." *Rose v. Lundy,* 455 U.S. at 520, 102 S.Ct. 1198 (internal quotation marks omitted). Moreover, as the Supreme Court recently acknowledged, *Rose v. Lundy* "contemplated that the prisoner could return to federal court after the requisite exhaustion." *Slack v. McDaniel,* 529 U.S. ——, 120 S.Ct. 1595, 1605, 146 L.Ed.2d 542 (2000). This was because, before AEDPA, there was no time limit whatsoever on when prisoners could seek federal habeas review. As illustrated by the discussion above about the impact on Jones of the one-year filing deadline, the changes in habeas corpus law wrought by AEDPA after *Rose v. Lundy* (and *Strickland v. Washington,* for that matter) dramatically alter that fundamental assumption. *See Marcello,* 212 F.3d 1005, 1008 ("Until a few years ago a prisoner could seek postconviction relief at almost any time. That changed dramatically with the AEDPA.") (citing *Lonchar v. Thomas,* 517 U.S. 314, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996) (prisoner who filed first petition 9 years after being sentenced was not too late)); *Parker v. Johnson,* 988 F.Supp. 1474, 1477 (N.D.Ga.1998).

In this instance, I believe that dismissing Jones's petition without taking steps to protect his right to file a proper federal habeas petition would be unfair. Jones gave his petition to prison officials on December 8, 1999, three months before the expiration of his filing deadline. Through no apparent fault of his own, it did not get docketed, and hence did not get assigned to a district judge, for more than a month, until January 14, 2000. With the petition, he drew attention to the timeliness problem, by including a Motion to Stay, asking that the current petition be stayed or held in abeyance until he could exhaust his state court remedies on his unexhausted claim. As noted above, the district court is required to give the case "prompt" preliminary screening. *See* Rule 4, Rules

Governing § 2254 Cases. Had the present review been done within, say, the first month of this case's pendency, and the case dismissed without prejudice under *Rose v. Lundy,* Jones would have had sufficient time to present his unexhausted claims to the state courts early enough to toll additional time, pursuant to § 2244(d)(2) and *Rashid.* For Jones to be put in the position of never being able to obtain federal habeas review of any of his claims because this court performed its initial review after a delay of four months, rather than one month, would deprive him through no fault of his own of the constitutional right of habeas review. *See* U.S. Const., art. I, § 9, cl. 2.

One option would be to allow Jones to dismiss his unexhausted claims—denial of appellate counsel and ineffective assistance of appellate counsel—and then to address his exhausted claims. *Rose v. Lundy* does appear to authorize this course. *See Rose v. Lundy,* 455 U.S. at 520, 102 S.Ct. 1198 ("A total exhaustion rule will not impair [the prisoner's] interest since he can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims. By invoking this procedure, however, the prisoner would risk forfeiting consideration of his unexhausted claims in federal court."). This is the course adopted in *Jackson v. Dormire,* 180 F.3d 919, 920 (8th Cir.1999) (en banc), and in *Parker,* 988 F.Supp. at 1477. The cost of this approach, however, would be to deprive Jones's unexhausted claims of ever receiving federal habeas review. In addition, both *Jackson* and *Parker* involved petitioners who had waited until the last day (*Parker*) or day before the last day (*Jackson*) of their statutory filing periods to file their habeas petitions; there was no or almost no time left to toll while they exhausted their state claims.

Moreover, Jones's unexhausted claims do not appear to be clearly frivolous. Jones asserts that his appointed appellate lawyer assured Jones that he would appeal

several issues; missed at least one deadline to appeal; and then, after missing the deadline, told Jones that he would file a no-merit brief, although he never explained to Jones what that meant. Jones sought to fire him. The state Court of Appeals then forced Jones to choose among three options: voluntarily dismiss his appeal; accept the no-merit brief; or represent himself pro se. The Court of Appeals did not explain the no-merit brief process, according to Jones's petition, or seek to determine whether Jones was competent to represent himself. Given the options presented to him, Jones elected to represent himself pro se as the least unattractive.

The right to counsel includes the right to effective assistance of counsel on a first appeal of right. *See Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). To be sure, defendants do not have a right to appointed counsel of their choice, nor the right to have appointed counsel advance every argument, regardless of merit, that they wish. *See Evitts*, 469 U.S. at 394, 105 S.Ct. 830; *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Acceptable procedures by which appointed appellate counsel may withdraw from a case if he or she believes there is no merit to the appeal are set out in *Smith v. Robbins*, 528 U.S. ——, 120 S.Ct. 746, 761–62, 145 L.Ed.2d 756 (2000), *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and *McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988) (discussing Wisconsin's procedure), and must be carefully regulated by the appellate court. A defendant may elect to proceed pro se, but the court must assure itself that any waiver of the right to assistance of counsel is "intelligent and competent." *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Actual denial of assistance of counsel, whether at trial or on appeal, is legally presumed

to result in prejudice and can never be treated as harmless error. *See Robbins*, 120 S.Ct. at 764–65; *Penson*, 488 U.S. at 88, 109 S.Ct. 346. If the defendant does not have the skill and experience of a lawyer, the court must make him aware of the dangers and disadvantages of self-representation. *See Faretta*, 422 U.S. at 835, 95 S.Ct. 2525. The court must make a determination that a defendant has knowingly and intelligently waived the right to counsel before allowing the defendant to proceed pro se. *See Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). These claims—that Jones was deprived of his right to assistance of counsel on an appeal of right and was allowed to proceed pro se without the court's assuring that he understood the rights he was waiving—are thus far from clearly frivolous. *See generally Wisconsin ex rel. Toliver v. McCaughtry*, 72 F.Supp.2d 960, 972–79 (E.D.Wis.1999); *Walker v. McCaughtry*, 72 F.Supp.2d 1025, 1031–37 (E.D.Wis.1999). If I were to adopt the first option, these claims would never receive federal habeas review.

The second option, and the one that seems preferable given the extraordinary circumstances of this case, is to use a functional equivalent of staying this case until Jones has exhausted his state court claims. The Seventh Circuit allows a habeas petition to be stayed in unusual circumstances where it is imprudent to address a § 2254 petition immediately. *See Post v. Gilmore*, 111 F.3d 556, 557 (7th Cir.1997). This court used a functional equivalent of a stay in *Kethley v. Berge*, 14 F.Supp.2d 1077, 1079 (E.D.Wis.1998), when a state prisoner's mixed habeas petition had, through no fault of his own, been gathering dust on the district court's shelves for three years—far too long for him to be able to return to state court, exhaust his unexhausted claims, and file a second, timely, fully exhausted habeas petition. Other courts have used similar procedures. *See Calderon v. United States Dist. Ct.*, 144 F.3d 618, 620 (9th Cir.1998) (holding that district court had authority

to allow habeas petitioner to dismiss unexhausted claims, hold exhausted claims in abeyance while petitioner exhausted his unexhausted claims, and then allow petitioner to submit an amended petition including both the exhausted claims held in abeyance and the voluntarily dismissed and now-exhausted claims); *Williams v. Vaughn*, 3 F.Supp.2d 567, 578 (E.D.Pa. 1998) (dismissing case without prejudice, but granting petitioner leave to amend petition after exhausting state court remedies); *Peterson v. Brennan*, No. CIV.A. 97–2477, 1998 WL 470139, at *8 (E.D.Pa. Aug.11, 1998) (same). *See also Hudson v. Martin*, 68 F.Supp.2d 798, 801 (E.D.Mich. 1999) (declining to stay habeas petition while petitioner exhausted state remedies, but only because petitioner's eventual second habeas petition would be timely under § 2244(d)(1)(A), because the application for state collateral relief could still toll time).

Should Jones decide to adopt the procedure outlined below, his eventual request to reopen his petition after exhausting claims in state court will not count as a "second or successive" petition under § 2244(b). *See Slack*, 120 S.Ct. at 1605. Moreover, the amended petition need not be limited to the claims asserted in this initial petition; for example, additional constitutional problems, if any, that arise in the litigation in the state courts of his as-yet unexhausted claims may be added. *See id.* at 1605–06 (holding that where initial mixed petition is dismissed without prejudice under *Rose v. Lundy*, later petition made after exhausting remaining claims in state court is not restricted to claims made in the initial petition); *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir.1999) (holding that petitioner may amend habeas petition to add new claims up to the time that a decision on the merits is issued).

Thus, I will dismiss the suit without prejudice because it is a mixed petition. For the reasons given above, I will allow it to be reopened with the same docket number and with the benefit of the same filing date, as I did in *Kethley v. Berge*. Jones may reopen the case after exhausting his claims in state court. I will presume that Jones will file appropriate petitions in state court promptly, and move to reopen this case promptly after receiving a final decision on the last of the unexhausted claims he wishes to present for federal habeas review. Jones is reminded that exhaustion generally requires appealing a decision all the way to the state supreme court. *See O'Sullivan*, 526 U.S. at 847, 119 S.Ct. 1728. For claims of denial of the right to counsel on appeal, the parties are referred to *Wisconsin ex rel. Toliver v. McCaughtry*, 72 F.Supp.2d 960, 972–79 (E.D.Wis.1999), *Walker v. McCaughtry*, 72 F.Supp.2d 1025, 1031–37 (E.D.Wis.1999), and the more recent *Smith v. Robbins*, —— U.S. ——, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). It may be possible that one petition must be filed in circuit court raising some claims, and a separate petition filed in the court of appeals raising other claims. To ascertain the correct court to present claims of inadequate postconviction or appellate counsel, the parties are referred to *State ex rel. Rothering v. McCaughtry*, 205 Wis.2d 675, 678, 556 N.W.2d 136 (Ct.App.1996) (postconviction counsel claims to be presented to circuit court; distinguishing *State v. Knight*, 168 Wis.2d 509, 520, 484 N.W.2d 540 (1992) (appellate counsel claims to be presented to court of appeals)).

## III. MOTION FOR EMERGENCY INJUNCTION

Jones filed a motion for an emergency injunction on April 28, 2000, describing a wide variety of difficulties in accessing the courts due to the policies of his prison and the actions of particular guards who allegedly flout the policies. These difficulties are being addressed in a civil case, *Jones v. Waupun Correctional Institute*, No. 99–C–1148, also pending before this court. The motion in this case will therefore be denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for stay (R. 2) is **DENIED** but that the following relief is granted: This petition is **DISMISSED WITHOUT PREJUDICE** pursuant to

*Rose v. Lundy,* but the court orders, pursuant to Fed.R.Civ.P. 58(1), that no judgment shall be entered. Petitioner may reopen this case after exhausting his state remedies pursuant to 28 U.S.C. § 2254(c). Petitioner may amend his petition when the case is reopened. (This order does not limit petitioner's right to amend his petition at other times.)

**IT IS FURTHER ORDERED** that if petitioner chooses to reopen this federal habeas petition when his state remedies are exhausted, he will be allowed to reopen this file under its present case number and with the benefit of the original filing date for statute of limitations purposes of December 8, 1999.

**IT IS FURTHER ORDERED** that petitioner's motion for emergency injunction (R. 6) is **DENIED.**

Petitioner is advised that he must send copies of all future court filings in this habeas action to counsel for respondent, as identified below. Copies of the petition and this order will be mailed by my clerk to the Attorney General for the State of Wisconsin, c/o Mary Burke, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707, pursuant to Rule 4 of the Rules Governing § 2254 Cases.