Andrew W. KILBURN,

v.

Michael T. MALONEY.

No. CIV. A. 98–12156–RGS.

United States District Court,
D. Massachusetts.

July 31, 2001.

Andrew W. Kilburn, M.C.I. Cedar Junction, Walpole, MA, pro se.

Earle C. Cooley, Boston, Stephen Hrones, Hrones & Garrity, Boston, MA, for Andrew W. Kilburn.

Susanne G. Levsen, Assistant Attorney General, Criminal Bureau, Catherine E. Sullivan, Assistant Attorney General, Criminal Bureau, James J. Arguin, Assistant Attorney General, Office Of the Attorney General, Boston, MA, for Larry DuBois.

Elizabeth K. Frumkin, Assistant Attorney General, Criminal Bureau, James J. Arguin, Assistant Attorney General, Thomas Dee, Assistant Attorny General, Criminal Bureau, Boston, MA, for Michael Maloney.

### MEMORANDUM AND DECISION ON PETITIONER'S MOTION TO STAY PROCEEDINGS

DEIN, United States Magistrate Judge.

On February 15, 2001, the petitioner moved to stay the habeas proceeding pending in this court to grant him time to exhaust his state remedies with respect to issues not previously raised in state court (Docket # 42). After the court allowed the motion as unopposed (Docket # 45), the government moved for reconsideration (Docket # 47). On April 30, 2001, after hearing, this court issued a Memorandum of Decision and Order on Government's Motion for Reconsideration (Docket # 54) ("First Stay Order") allowing the government's motion in part and denying it in part. Specifically, this court maintained the stay provided that the defendant sought state court review of his new issues within sixty (60) days, and ordered that the stay be reviewed again within six (6) months or upon the U.S. Supreme Court's decision in *Walker v. Artuz*, 208 F.3d 357 (2d Cir.2000), *cert. granted*, 531 U.S. 991, 121 S.Ct. 480, 148 L.Ed.2d 454 (2000) (No. 00–121), whichever is sooner. *Duncan* was expected to decide the issue whether the pendency of a federal habeas petition tolled the one year statute of limitations period found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, et seq. This, in turn, would affect whether, absent a stay, any attempt by the petitioner to seek federal review of his new claims would be time barred.

[1] Petitioner filed a "Motion Under MRCP 30(a) For Release From Unlawful Conviction" seeking state court review of his new claims within the time required by the First Stay Order. On June 18, 2001, the United States Supreme Court issued its decision in *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), ruling that an application for federal habeas corpus review does not toll the AEDPA statute of limitations. Further hearing in the instant case was held on July 16, 2001. For the reasons detailed herein and in the First Stay Order, petitioner's Motion to Stay Proceedings (Docket # 42) is ALLOWED, provided that petitioner provide this court with written status reports every ninety (90) days, and petitioner return to this court within thirty (30) days of the state court proceedings having been exhausted.

### PROCEDURAL BACKGROUND

The procedural background of this case is detailed more fully in the First Stay Order, and will be summarized briefly herein. The petitioner Andrew W. Kilburn ("Kilburn") was convicted of murder in the first degree as a joint venturer by reason of felony murder. His conviction was affirmed on appeal by decision of the Massachusetts Supreme Judicial Court dated October 27, 1997: *Commonwealth v.*

*Kilburn,* 426 Mass. 31, 686 N.E.2d 961 (1997). The underlying felony was armed assault in a dwelling. *Id.* Kilburn was the driver of the getaway car. The shooter was not identified.

Kilburn filed his first petition for writ of habeas corpus on or about October 26, 1998, within the one year period of limitations set by the AEDPA.[1] The petition raised two claims, one of which had been exhausted in state court and one of which had not. On August 4, 2000, the District Court ordered that either the entire petition could be dismissed, or the petitioner could opt to amend his petition to drop the unexhausted claim in accordance with *Rose v. Lundy,* 455 U.S. 509, 520–521, 102 S.Ct. 1198, 1204–05, 71 L.Ed.2d 379 (1982). (Docket # 28). On August 31, 2000, the petitioner elected to voluntarily dismiss his unexhausted claim, and to proceed with his other habeas claim.

Before any briefs addressing the merits of the remaining habeas claim had been filed, petitioner obtained new counsel due to the serious illness of his original attorney. New counsel promptly sought to stay the pending habeas proceedings in this court on the grounds that he would be filing a motion for a new trial in the state court on an issue not yet previously raised, namely whether petitioner's conviction for felony murder can stand or whether the petitioner was convicted of a crime which did not exist. Specifically, petitioner contends that the underlying felony was armed assault in a dwelling house, but the assault was on the person murdered so the two crimes merged. There is legal support for his position. *See Commonwealth*

*v. Gunter,* 427 Mass. 259, 271–75, 692 N.E.2d 515, 524–26 (1998), and cases cited (where underlying felony was assault upon victim which resulted in victim's death, assault merged with killing and cannot form basis of felony-murder conviction).

As detailed above, this court issued its First Stay Order on April 30, 2001. At the hearing on July 16, 2001, petitioner informed the court that his Motion For Release filed in the state court was expected to be heard by the trial judge in the near future.

## ANALYSIS

As detailed more fully in the First Stay Order, when faced with a motion to stay in order to exhaust state remedies, courts tend to focus on the effect of a denial of a stay on the petitioner's right to obtain federal review. *See, e.g., Healy v. DiPaolo,* 981 F.Supp. 705, 706–08 (D.Mass.1997). This, if absent a stay petitioner would lose his right to federal review, a stay can, and often should, be granted. *See, e.g., Peterson v. Brennan,* No. 97–2477, 1998 WL 470139, at *9 (E.D.Pa. Aug.11, 1998) (court enters specially crafted order ensuring a dismissal without prejudice of the habeas petition so that the petitioner could exhaust his unexhausted state claims without losing the right to have all the claims reviewed by a federal court); *Jones v. Berge,* 101 F.Supp.2d 1145, 1153 (E.D.Wis. 2000) (dismissing petition without prejudice and ordering that it be allowed to be reopened with the same docket number and with the benefit of the same filing date following exhaustion of state remedies).

---

1. While the petitioner asserts that the original petition was filed on the very last day of the one year period (*see* Petitioner's Memorandum in Support of Motion to Stay at 3, n. 3), it appears that he may have had an additional 90 days to file, since the SJC decision of October 27, 1997 may not have become final for the 90 days petitioner had to seek a writ of certiorari in the U.S. Supreme Court. *See Mayne v. Hall,* 122 F.Supp.2d 86, 90 (D.Mass. 2000), and cases cited. That issue, however, does not have to be finally decided at this time.

The decision in *Duncan* confirms this analysis. Thus, in his concurring opinion, Justice Stevens, joined by Justice Souter, opined that when faced with a petition which contained both exhausted and unexhausted claims (like the present case):

> there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, *see* 28 U.S.C. § 2254(b)(2) (1994 ed., Supp. V), and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1–year limitations period.

121 S.Ct. at 2130.[2]

■ [2] Unless a stay is granted in the present case, Kilburn will lose his right to federal review of his new issue, unless he can establish that review of the new claim meets the incredibly strict standards for bringing second, successive petitions under the AEDPA. This result is unjust under the facts of this case. The merits of the claim raised by Kilburn's original habeas petition have not even been briefed before this court. The new issue Kilburn is bringing in the state court appears to be a fairly straightforward issue.[3] Kilburn did initially seek federal review of his conviction within the one (1) year period set by AEDPA. It seems appropriate that this court give the state courts the full opportunity to consider the merits of petitioner's claims, and that this court then devote its efforts to reviewing all of, but only those claims that petitioner actually intends to pursue.[4] By requesting petitioner's prompt return to this court after his state court remedies have been exhausted, the matter will not drag on so long as to run afoul of the AEDPA's goal of prompt resolution of habeas claims.

The procedure adopted by this court in the First Stay Order and herein is consistent with the post-*Duncan* decision of the Second Circuit in *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.2001). There, like the instant case, the petitioner's original timely habeas petition presented both exhausted and unexhausted claims. While the original petition was pending, Zarvela presented a new claim to the state court, which he attempted to add to his habeas petition after exhausting his state remedies. The district court dismissed the new petition as untimely. The Second Circuit reversed, ruling that the court should have dismissed only the unexhausted claims, stayed the remainder of the petition, and "condition[ed]" the stay on petitioner's initiation of exhaustion within a limited period,

---

2. The concurring justices further noted that *Rose v. Lundy,* which held that "mixed petitions" either be dismissed in their entirety or that petitioners be given the option of dismissing only unexhausted claims and proceeding with the others, was decided pre-AEDPA, so there was no statute of limitations which would prevent the petitioner from seeking federal review after state remedies had been exhausted. 121 S.Ct. at 2130. In the present case, the District Court had relied on *Rose v. Lundy* in giving petitioner the option of proceeding with his exhausted claim and dismissing the other.

3. Obviously, if petitioner is successful in overturning his conviction by way of his state court remedies, this court will not have to address the merits of the pending habeas petition.

4. Counsel has indicated during oral argument that depending on the outcome of the present state court proceeding he may not pursue the issue contained in the pending habeas petition, but only the new issue after it has been exhausted.

normally 30 days, and a return to the district court after exhaustion is completed, also within a limited period, normally 30 days." As the court held in language equally applicable to the instant case:

> Like the Seventh and Ninth Circuits,[5] we think that enactment of AEDPA warrants some adjustment in the pre-AEDPA requirement of *Rose v. Lundy* that mixed petitions be dismissed in their entirety. What the Supreme Court wanted to achieve, and what AEDPA enforces ... is the assurance that a district court will not grant relief on unexhausted claims. That requirement of *Lundy* can be met by dismissing only the unexhausted claims. As to the exhausted claims, we think a district court should exercise discretion either to stay further proceedings or to dismiss the petition in its entirety. In many cases, a stay will be preferable ... [and] will be the only appropriate course in cases like Zarvela's where an outright dismissal "could jeopardize the timeliness of a collateral attack." *Freeman,* 208 F.3d at 577. *See Duncan,* 121 S.Ct. at 2130 (Stevens, J., with whom Souter, J. joins, concurring in part and in the judgment) ....

*Id.* at 379–81.

### ORDER

It is hereby ORDERED that:

1. Petitioner's Motion to Stay Further Proceedings (Docket # 42) is hereby ALLOWED subject to the conditions that:

> (a) Petitioner provide this court with a written status report concerning the state court proceedings every ninety (90) days, beginning November 1, 2001;

> (b) Petitioner must notify this court of his intention to proceed with his habeas

petition, and identify the issues he intends to pursue, within thirty (30) days of having exhausted his pending state remedies.

2. Failure to comply with these conditions may result in the dismissal of that portion of the habeas petition addressing the presently pending state court issues.

---

**5.** These Circuits had suggested stays in the case of mixed petitions. *See, e.g., Freeman v. Page,* 208 F.3d 572, 577 (7th Cir.2000), *Cal-deron v. United States District Court,* 134 F.3d 981 (9th Cir.1998), *cert. denied,* 531 U.S. 946, 121 S.Ct. 345, 148 L.Ed.2d 277 (2000).