Wayne Blyth HEALY, Petitioner,

v.

Paul DiPAOLO, et al., Respondents.

No. CIV. A. 97–30068–MAP.

United States District Court,
D. Massachusetts.

Nov. 12, 1997.

Wendy Sibbison, Greenfield, MA, for Petitioner.

Gregory I. Massing, Atty. Gen.'s Office, Boston, MA, for Respondents.

*MEMORANDUM REGARDING PLAINTIFF'S MOTION FOR STAY OF HABEAS CORPUS PROCEEDING PENDING EXHAUSTION OF ADDITIONAL FEDERAL ISSUES*

(Docket No. 03)

PONSOR, District Judge.

## I.  INTRODUCTION

Wayne Blyth Healy ("Petitioner") was convicted of first degree murder in 1981 in Hampden County Superior Court, Springfield, Massachusetts, and is currently serving a life sentence without parole at the Massachusetts Correctional Institution in Norfolk. The Massachusetts Supreme Judicial Court affirmed his conviction. *Commonwealth v. Healy*, 393 Mass. 367, 471 N.E.2d 359 (1984).

On April 11, 1997, Petitioner sought collateral review of his conviction in two forums. In this court, raising exhausted claims of constitutional error, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Simultaneously, in Massachusetts Superior Court, Petitioner filed a Motion for a New Trial, asserting ineffective assistance of both trial and appellate counsel as well as inadequate jury instructions.

The issue before the court is whether Petitioner may stay the habeas corpus proceedings in this court pending exhaustion of the issues raised in his Motion for a New Trial in state court. Petitioner's Motion for a Stay was referred for a report and recommendation to United States Magistrate Judge Kenneth P. Neiman, who recommended that Healy's petition be held in abeyance pending exhaustion of his new claims in state court. For the reasons set forth below, the court will decline to adopt the Magistrate Judge's recommendation and will deny Petitioner's motion.

## II.  DISCUSSION

On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, § 104, 110 Stat. 1218 ("AEDPA"). In cases such as Petitioner's, where the conviction became final before the enactment of the AEDPA, an individual has one year from the effective date of the AEDPA to file his application. *See Lindh v. Murphy*, —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) (concluding that the chapter 153 amendments to the federal habeas statute were meant to apply only to cases filed after enactment of the AEDPA). Based on his understanding of *Lindh v. Murphy*, Petitioner believed that he had to file his Petition for a Writ of Habeas Corpus with this court before April 23, 1997 (i.e., within one year of the enactment of the AEDPA). Omitting his unexhausted claims, Petitioner filed his application twelve days before the expiration of the one-year limitation period.

Apparently, Petitioner's request to stay the habeas corpus proceedings in this court was intended to preserve a federal forum for review of his currently unexhausted claims. Petitioner was concerned that had he delayed in bringing his petition in this court until all of his claims had been exhausted in state court, his application would have been barred by the one-year limitation on filing an application for a Writ of Habeas Corpus. *See* 28 U.S.C. § 2244(d)(2). However, the plain language of the statute precludes this result. Section 2244(d)(2) provides:

The time during which a properly filed *application* for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

*shall not he counted toward any period of limitation under this subsection.*

28 U.S.C. § 2244(d)(2) (emphasis supplied).

The statutory language indicates that the one-year filing deadline is tolled during the pendency of Petitioner's Motion for a New Trial in state court. Based on the court's review of this statutory provision and its legislative history, it appears that when Petitioner filed his Motion for a New Trial in state court on April 11, 1997, he effectively tolled the one-year limitation period on applications from running until such time as the state courts exhaust their review of his new claims. Therefore, assuming that Petitioner had not filed his current application, he still had twelve days from the date of the exhaustion of his new claims in which to file an initial and all-inclusive Petition for a Writ of Habeas Corpus. Consequently, under the facts of this case, Petitioner's Motion for a Stay is neither necessary nor appropriate.

In short, if Petitioner's intent in filing his current petition and in seeking a stay was to preserve habeas corpus review for both his exhausted and unexhausted claims, then his petition is premature and unnecessary. Petitioner may withdraw his current petition without prejudice to the bringing of another application for habeas corpus relief following the exhaustion of his new claims in state court. Alternatively, Petitioner may elect to go forward in this court with his current petition containing only his exhausted claims.[1] If Petitioner elects to withdraw his current petition, he will have effectively deprived this court of the opportunity to rule on the legality of his detention. Thus, the restrictions on successive petitions provided for in 28 U.S.C. § 2244(b) will not apply to a future application filed on behalf of Petitioner.

Although the Supreme Court has yet to consider the issue presented by this case, authority exists at both the circuit court and district court levels which lends support to this court's analysis. *See Reyes v. Keane,* 90 F.3d 676, 679 (2d Cir.1996) ("Time during which a properly filed state court application for collateral review is pending is excluded from the one-year period."); *U.S. ex rel. Murillo v. Gilmore,* No. 96 C 8069, 1997 WL 403507 (N.D.Ill. July 15, 1997) (habeas petition in which prisoner challenged his state conviction on grounds as to which he had exhausted state remedies, which was brought while prisoner's appeal from state court's denial of postconviction relief on basis of ineffective assistance of counsel and violation of constitutional rights during trial and sentencing was still pending, would be dismissed without prejudice, with motion to stay proceedings denied as moot); *Valentine v. Senkowski,* 966 F.Supp. 239, 241 (S.D.N.Y.1997) ("It is clear both from the plain meaning of the statute and the legislative history of the [AEDPA] that the 1–year period of limitations does not run until after direct review has been completed and state post-conviction review has been exhausted."); *Martino v. Bissonnette,* Civil Action No. 97–30086–FHF (D.Mass. May 19, 1997) (petitioner given choice between going forward on his exhausted claims or withdrawing his petition without prejudice); *Parisi v. Cooper,* 961 F.Supp. 1247 (N.D.Ill.1997) (habeas petition in which prisoner challenged his state conviction on grounds as to which he had exhausted state remedies, which was brought while prisoner's appeal from state court's denial of postconviction relief on basis of ineffective assistance of counsel was still pending, would be dismissed without prejudice, with prisoner granted leave to file motion for its reinstatement after issuance by state appellate court of decision on pending appeal); *Flowers v. Hanks,* 941 F.Supp. 765, 770, n. 4 (N.D.Ind. 1996) ("The AEDPA also added a provision which tolls the statute of limitations for the time period in which a petitioner seeks collateral review of his conviction in the state courts.").[2]

---

**1.** By choosing this alternative, however, Petitioner will lose the right to bring a second petition if and when his other claims are exhausted in state court.

**2.** In *Ashmus v. Calderon,* 977 F.Supp. 987 (N.D.Cal.1997), a district court did find that a

habeas corpus petition should be held in abeyance pending exhaustion of additional claims. However, Ashmus had not yet filed his unexhausted claims in state court at the time of the ruling.

### III. CONCLUSION

The AEDPA does not require a court to hold a habeas corpus petition in abeyance pending the exhaustion of new claims in state court. When Petitioner filed his Motion for a New Trial in state court on April 11, 1997, he effectively tolled the one-year limitation period on applications from running until such time as the state courts exhaust their review of his new claims. Therefore, a stay is neither necessary nor appropriate to protect the exhausted claims from the limitations period under 28 U.S.C. § 2244(d)(2).

For the foregoing reasons, Petitioner's Motion for a Stay of Habeas Corpus Proceedings Pending Exhaustion of Additional Federal Issues is DENIED. Petitioner should advise the court on or before December 1, 1997 whether he wishes to agree to dismissal of this petition without prejudice, or proceed with review of only his presently exhausted claims. If Petitioner advises the court that he wishes to pursue his current petition, the court will issue a further order regarding the filing of a response to the petition. Finally, the court cautions Petitioner that if he does decide to withdraw his current petition, he has only twelve days from the date when his claims pending in state court are exhausted to file a new petition for a writ of habeas corpus.