**Walfrido COLARTE**

v.

**James M. LEBLANC, Warden.**

**No. CIV. A. 98–3079.**

United States District Court,
E.D. Louisiana.

Feb. 1, 1999.

Walfrido Colarte, Jackson, LA, pro se.

Dorothy Ann Pendergast, Dorothy A. Pendergast, Attorney at Law, Special Appeals Counsel, Metairie, LA, for Defendants.

---

### *ORDER AND REASONS*

PORTEOUS, District Judge.

Before the Court is a petition by Walfrido Colarte for issuance of a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Having considered the petition, the record, and the applicable law, the Court hereby DENIES the Petitioner's request for *habeas corpus* relief.

## I. Background

The Petitioner, Walfrido Colarte, currently is serving a forty-year sentence at the Dixon Correctional Institute in Jackson, Louisiana. On May 17, 1995, in the Twenty–Second Judicial District Court for the Parish of St. Tammany, a twelve-member jury unanimously found Colarte guilty of possession of four hundred grams or more of cocaine. On June 14, 1995, Colarte was sentenced to serve forty years at hard labor in the custody of the Louisiana State Department of Corrections, thirty years of which to be without the benefit of parole, probation, or suspension of sentence, with credit for time served; and to pay a fine of $400,000.

On appeal, Colarte urged six assignments of error, however, on December 20, 1996, the Louisiana First Circuit Court of Appeal affirmed his conviction. *State v. Colarte,* 688 So.2d 587 (La.Ct.App.1996). The Louisiana Supreme Court denied re-view of Colarte's case on October 3, 1997. *State v. Colarte,* 701 So.2d 197 (La.1997).

## II. Legal Analysis

### A. *Timeliness of Application*

■ A petitioner must bring his § 2254 claims within one year of the date upon which his conviction became final. *See* 28 U.S.C. § 2244(d)(1). However, for pleadings submitted by prisoners acting *pro se,* the Fifth Circuit has recognized that the "mailbox rule" applies, and that the date prison officials receive the pleading from the petitioner for delivery to the court is considered to be the time of filing for limitations purposes. *Cooper v. Brookshire,* 70 F.3d 377, 379 (5th Cir.1995).

The Fifth Circuit has stated that the filing of a complaint alone suffices to toll the running of a statute of limitations, and that the payment of a filing fee is unnecessary to commence an action. *Caldwell v. Martin Marietta Corp.,* 632 F.2d 1184, 1188 (5th Cir.1980); *see also Van Doren v. Mazurkiewicz,* 935 F.Supp. 604, 607 (E.D.Pa.1996) (holding that *pro se* prisoner's 28 U.S.C. § 2254 application deemed filed for limitation purposes when deposited with prison officials for mailing) (*citing Houston v. Lack,* 487 U.S. 266, 273, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)).

As mentioned above, the Louisiana Supreme Court denied review of the Petitioner's case on October 3, 1997. Colarte signed his application for *habeas corpus* relief on September 30, 1998, and it is assumed that he turned that application over to prison officials for delivery to this Court on that date. This assumption is supported by the fact that the postmark on the envelope in which Colarte's application was mailed is dated October 1, 1998. Therefore, the Petitioner's application is timely.

### B. *Exhaustion of State Court Remedies*

■ A federal court's power to grant writs of *habeas corpus* is discussed in 28

U.S.C. § 2241. Although § 2241 has no specific exhaustion requirement, the jurisprudence has clearly established that federal courts should abstain from considering § 2241 matters when "the issues raised in the petition may be resolved either by trial on the merits in the state court or by some other state procedure available to the petitioner." *Dickerson v. Louisiana,* 816 F.2d 220, 225 (5th Cir.1987) (citations omitted); *see Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489–92, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v.. Butler,* 837 F.2d 699, 702 (5th Cir.1988).

■ In the case at hand, Colarte has not filed for post-conviction relief in state court. Instead, in his petition to this Court, he alleges that his constitutional rights were violated because: 1) the trial court denied his motion to suppress evidence which was obtained illegally; 2) the prosecution implied in its closing argument that the Petitioner's silence after his arrest was evidence of guilt; 3) the evidence presented at trial was insufficient to establish his guilt; and 4) his attorney had a conflict of interest because he represented both the Petitioner and the Petitioner's codefendants. These arguments were rejected by the state's highest court, therefore, Colarte has exhausted the state court remedies regarding these claims. Accordingly, his petition to this Court for *habeas corpus* relief is proper.

## C. *Standard of Review*

A writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a state court, shall not be granted with respect to any claim that was adjudicated on its merits in a state court proceeding, unless the state court's decision was unreasonable in its application of clearly established Federal law, or unreasonable in light of the factual evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which President Clinton signed into law on April 24, 1996, includes a comprehensive overhaul of federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Pub.L. No. 104–132, 110 Stat. 1214. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact. *Drinkard v. Johnson,* 97 F.3d 751, 767 (5th Cir.1996).[1]

As to questions of fact, the amended statute "permits federal court relief if the state court adjudication of the claim 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence.'" *Id.* (*quoting* 28 U.S.C. § 2254(d)(2)).

Regarding purely legal questions, "a federal court may grant habeas relief only if it determines that a state court's decision rested on a legal determination that was contrary to ... clearly established Federal law, as determined by the Supreme Court." *Id.* at 768 (quotation omitted).

"[W]hen reviewing a mixed question of law and fact, a federal court may grant habeas relief only if it determines that the state court decision rested on 'an unrea-

1. The court in *Drinkard* also held that applying the AEDPA to cases pending at its effective date posed no retroactivity problems. *Id.* at 756. In light of the Supreme Court's decision in *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), *Drinkard's* holding on retroactive application to pending cases has been overruled. *See Nobles v. Johnson,* 127 F.3d 409, 413 (5th Cir. 1997), *cert. denied* —— U.S. ——, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). However, the instant case was filed well after the AEDPA became effective on April 24, 1996. Moreover, the Fifth Circuit held that the standards of review enunciated and explained in *Drinkard* remain the governing standards for this jurisdiction. *See Nobles,* 127 F.3d at 413 n. 4.

sonable application of[ ] clearly established Federal law, as determined by the Supreme Court,' to the facts of the case." *Id.* at 768 (*quoting* 28 U.S.C. § 2254(d)(1)). In further explaining the standard of review applicable to mixed questions of law and fact, the Fifth Circuit held that "an application of law to facts is *unreasonable* only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Id.* at 769 (emphasis in original). "In other words, [a federal court] can grant habeas relief only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists." *Id.*

The Fifth Circuit also noted in *Drinkard* that the threshold question in *habeas* review under the amended statute is whether the claim raised by the petitioner was adjudicated on the merits in state court; that is, the petitioner must have exhausted state court remedies and not be in "procedural default" on a claim. *Drinkard,* 97 F.3d at 764; 28 U.S.C. § 2254(e)(2). In addition, as mentioned above, the newly amended statute codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. *See* 28 U.S.C. § 2254(e)(1).

Regarding the first ground for relief that the Petitioner raises in the instant application for a writ of *habeas corpus,* the Louisiana Court of Appeal held that the trial court did not err when it denied Colarte's motion to suppress evidence because based on the Petitioner's "highly unusual" driving, it was reasonable for the arresting officer to stop the vehicle, and "the continued questioning of the occupants of the vehicle following the investigatory stop was not unreasonable under the circumstances." *Colarte,* 688 So.2d at 592. The court held that "[b]ased on the actions of the occupants, [the arresting officer] had sufficient knowledge to justify a reasonable suspicion that a crime may have

occurred." *Id.* This claim for relief will be further discussed below.

The Petitioner's second argument, that the trial court erred in failing to grant a mistrial after the prosecutor made reference during his closing argument to Colarte's post-arrest silence, was also dismissed by the state court. After discussing several relevant cases, including cases decided by the United States Supreme Court, the state appellate court held that the prosecutor's comments were merely an indirect reference to the Petitioner's post-arrest silence, and therefore, article 771 of the Louisiana Code of Criminal Procedure, which provides for a discretionary mistrial, was applicable. *Id.* at 593. The appellate court held that the trial court had taken "adequate steps to insure that [Colarte] received a fair trial." *Id.* The reviewing court found that the prosecutor did not pursue that line of argument, nor did he draw any further attention to the matter. Furthermore, the court held that the admonition given by the trial court was sufficient, and that there was "no indication that [Colarte] was unable to obtain a fair trial because of the prosecutor's statement." *Id.*

Regarding the Petitioner's third argument, the state court held that a "rational trier-of-fact could have found that the state proved beyond a reasonable doubt and to the exclusion of every reasonable hypothesis of innocence that [Colarte] knowingly and intentionally possessed the cocaine in this case." *Id.* at 594. Therefore, the court held that this assignment of error was also without merit.

The Petitioner's last ground for relief was dismissed because the court determined that "[m]ultiple representation is not per se illegal and does not violate the Sixth Amendment to the United States Constitution or Article I, § 13, of the Louisiana Constitution unless it gives rise to a conflict of interest." *Id.* at 595 (*citing State v. Castaneda,* 658 So.2d 297, 301 (La.Ct.App.1995)). The court held that

where there has been no objection to the multiple representation prior to or during trial, as in Colarte's case, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance. *Id.* The court concluded that Colarte had failed to do so. *Id.*

In this petition for a writ of *habeas corpus,* Colarte raises questions of law and mixed questions of law and fact. It is the opinion of this Court, however, that the proceedings held in state court did not rest on legal determinations that were contrary to clearly established federal law, nor did they rely on an unreasonable application of such laws to the facts of the case. Only the Petitioner's first claim for relief requires further analysis.

### D. *Search of Automobile*

■ The Petitioner argues that in a very recent decision the U.S. Supreme Court held that a full search of an automobile pursuant to the issuance of a routine traffic citation violated the Fourth Amendment to the Constitution. *See Knowles v. Iowa,* —— U.S. ——, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998). While the Petitioner has correctly stated the holding of the case, *Knowles* is not applicable to the case at hand. This Court is not required to address the issue of whether *Knowles* could be applied retroactively in order to grant the Petitioner *habeas corpus* relief because this case is distinguishable upon its facts.

In *Knowles,* the arresting officer "conceded that he had neither Knowles' consent nor probable cause to conduct the search" of the defendant's car. *Knowles,* —— U.S. at ——, 119 S.Ct. at 486. In the present case, the arresting officer obtained consent to search the vehicle. Although Colarte himself did not give that consent, it was obtained from the vehicle's owner (one of Colarte's codefendants) who was travelling as a passenger while Colarte was driving.

The Petitioner did have standing to challenge the initial stop of the vehicle. He did so, and his challenge was defeated when the state court held that the initial stop was valid. However, Colarte lacks standing to complain of the vehicle's search, since consent to that search was obtained from the owner of the vehicle. *See United States v. Brown,* 102 F.3d 1390 (5th Cir.1996), *cert. denied,* 520 U.S. 1179, 117 S.Ct. 1455, 137 L.Ed.2d 559 (1997), *overruled on other grounds by United States v. Brown,* 161 F.3d 256 (5th Cir. 1998); *United States v. Crain,* 33 F.3d 480 (5th Cir.1994), *cert. denied,* 513 U.S. 1169, 115 S.Ct. 1142, 130 L.Ed.2d 1102 (1995).

It is that consent which renders *Knowles* inapplicable to this case.

### III. Conclusion

After having considered each of the Petitioner's alleged grounds for relief, it is the opinion of this Court that there is no valid reason to grant this petition under 28 U.S.C. § 2254 for a writ of *habeas corpus.* Accordingly,

**IT IS ORDERED** that the Petitioner's request for *habeas corpus* relief be, and the same is hereby **DENIED.**