**Antonio Marcus HUDSON, Petitioner,**

v.

**Bill MARTIN, Director of the Michigan Department of Corrections, Respondent.**

**Civil No. 99–CV–73834–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 15, 1999.

Antonio Hudson, Freeland, MI, pro se.

## OPINION AND ORDER OF SUMMARY DISMISSAL[1]

TARNOW, District Judge.

This matter is before the Court on a petition for writ of habeas corpus brought by Antonio Marcus Hudson ("petitioner"), presently confined at the Greensville Correctional Facility in Jarratt, Virginia pursuant to a compact agreement that Michigan has with the State of Virginia for the housing of Michigan inmates. Petitioner seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence on two counts of kidnaping, M.C.L.A. 750.349; M.S.A. 28.581; one count of criminal sexual conduct, first-degree, M.C.L.A.

750.520b; M.S.A. 28.788(2).548, and one count of assault with intent to do great bodily harm less than murder, M.C.L.A, 750.84; M.S.A. 28.279. For or the reasons stated below, petitioner's motion to stay the proceedings is denied and the application for writ of habeas corpus is dismissed without prejudice.

## I. BACKGROUND

Petitioner was convicted of the above offenses in the Genesee County Circuit Court on October 19, 1990. Petitioner's conviction was affirmed by the Michigan Court of Appeals and the Michigan Supreme Court. *People v. Hudson,* 137300 (Mich.Ct.App. March 13, 1995); *lv. den.* 450 Mich. 928, 543 N.W.2d 317 (1995).

Petitioner thereafter filed a motion for relief from judgment, which the Genesee County Circuit Court denied on October 28, 1996. The Michigan Court of Appeals denied petitioner leave to appeal. *People v. Hudson,* 199196 (Mich.Ct.App. July 10, 1997); *reh den.* (Mich.Ct.App. October 6, 1997). The Michigan Supreme Court denied leave to appeal on July 28, 1998. *People v. Hudson,* 458 Mich. 871, 583 N.W.2d 899 (1998).

Petitioner filed an application for a writ of habeas corpus with this Court on June 3, 1999.[2] Petitioner has filed with his petition a motion to stay proceedings. In the motion, petitioner indicated that he was requesting a stay from this Court so that he could file a motion for a new trial with the Genesee County Circuit Court for the purpose of exhausting additional ineffective assistance of counsel claims that he had previously not raised either on direct

---

1. Staff Attorney Dan Besser provided quality research assistance.

2. Under the prison mailbox rule, a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts. *United States ex. rel. Drain v. Washington,* 52 F.Supp.2d 856, 860 (N.D.Ill.1999). Absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas petition to prison offi-

cials on the date he signed it, for the purposes of the AEDPA's one year limitations period. *Torres v. Irvin,* 33 F.Supp.2d 257, 270 (S.D.N.Y.1998); *See also Colarte v. Leblanc,* 40 F.Supp.2d 816, 817 (E.D.La.1999). Because all of petitioner's pleadings are signed and dated June 3, 1999, this Court assumes that this was the date that petitioner actually filed his petition for writ of habeas corpus.

appeal or in his motion for relief from judgment.

## II. *DISCUSSION*

This Court declines to hold the petition for writ of habeas corpus in abeyance pending the exhaustion of additional claims in the state courts by petitioner.

■ A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F.3d 491, 493 (5th Cir.1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Williams v. Vaughn,* 3 F.Supp.2d 567, 576 (E.D.Pa.1998); *Parker v. Johnson,* 988 F.Supp. 1474, 1476 (N.D.Ga.1998).

■ Petitioner has failed to allege any exceptional or unusual circumstances that would justify the staying of proceedings while petitioner attempts to exhaust his additional claims with the Michigan courts. Petitioner has failed to demonstrate that he would be prejudiced if the petition were dismissed without prejudice. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Matthews v. Abramajtys,* 39 F.Supp.2d 871, 874 (E.D.Mich.1999). Because the one year statute of limitations is tolled during the pendency of a state post-conviction motion, a motion for stay of a federal habeas corpus proceeding is not necessary or appropriate to preserve the federal forum for all of petitioner's claims. *Healy v. DiPaolo,* 981 F.Supp. 705, 708 (D.Mass. 1997). The AEDPA does not require a court to hold a habeas corpus petition in abeyance pending the exhaustion of new claims in state court. *Id.* Therefore, a federal district court does not abuse its discretion in dismissing a federal habeas petition without prejudice, rather than holding it in abeyance, while the petitioner's properly filed application for state post-conviction review is pending. *Brewer v. Johnson,* 139 F.3d at 493; *See also Parisi v. Cooper,* 961 F.Supp. 1247, 1249 (N.D.Ill.1997).

■ A properly filed application within the meaning of the statutory provision tolling the one year statute of limitations is one submitted in accordance with a state's procedural requirements, such as the rules governing the time and place for filing. *Matthews v. Abramajtys,* 39 F.Supp.2d at 874. Assuming that an application is properly filed under the state court's procedural rules, it remains "pending" during the intervals between stages of state court proceedings. *Taylor v. Lee,* 186 F.3d 557 (4th Cir.1999); *Nino v. Galaza,* 183 F.3d 1003, 1004 (9th Cir.1999); *Matthews v. Abramajtys,* 39 F.Supp.2d at 874. Therefore, the tolling of the one year statute of limitations would not end until the Michigan Supreme Court completes collateral review by denying the petitioner's application for leave to appeal from the trial court's denial of his post-conviction motion for relief from judgment. *Id.; See also Hudson v. Jones,* 35 F.Supp.2d 986, 988–989 (E.D.Mich.1999) (Cohn, J.).

This Court notes that petitioner has already filed one post-conviction motion which was denied by the Michigan courts. Although petitioner indicates that he wishes to file a motion for a new trial, any motion for new trial filed after the conclusion of his direct appeals and the affirmance of his conviction would have to be filed as a motion for relief from judgment. *People v. Kincade,* 206 Mich.App. 477, 482, 522 N.W.2d 880 (1994); *lv. den.* 448 Mich. 930, 534 N.W.2d 520 (1995). Under M.C.R. 6.502(G)(1) only one motion for relief from judgment may be filed with regard to a conviction. *See Ambrose v. Recorder's Court Judge,* —— Mich. ——, 587 N.W.2d 282 (1998). However, M.C.R.

6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. With respect to petitioner's case, the Michigan courts have yet to indicate whether the term "new evidence" in M.C.R. 6.502(G)(2) would include newly discovered evidence of ineffective assistance of counsel. This Court is therefore unable to state conclusively that petitioner's motion for a new trial would automatically be rejected by the Michigan courts.

Several cases have ruled that a habeas petitioner's second or successive state post-conviction motion would toll the one year statute of limitations period contained in the AEDPA. In *Patterson v. Director, Virginia Dept. of Corrections,* 36 F.Supp.2d 317, 320 (E.D.Va.1999), the district court ruled that a habeas petitioner's three state habeas petitions were properly filed within the meaning of the provision of the AEDPA directing that the one year statute of limitations would be tolled by a properly filed application for state post-conviction review where Virginia law did not absolutely bar successive post-conviction petitions.

In *United States ex rel. Morgan v. Gilmore,* 26 F.Supp.2d 1035, 1040 (N.D.Ill. 1998), the district court held that a second petition for state post-conviction review, which was dismissed as frivolous, nonetheless tolled the one year limitations period until the appellate court's affirmance of the dismissal. The district court reasoned that principles of federal-state comity dictated that a federal district court allow a state court an opportunity to consider the merits of a successive state post-conviction petition prior to the institution of federal habeas proceedings, even if the petitioner was procedurally barred from bringing a second petition under the Illinois Post–Conviction Act, thus rendering such a petition frivolous. *Id.; See also Ellis v. Johnson,* 11 F.Supp.2d 695 (N.D.Tex.1998) (a

defendant's second application for state habeas relief, which was denied as an abuse of the writ due to petitioner's failure to include the claims in his first state habeas petition, was "properly filed" and thus tolled the AEDPA's one year statute of limitations).

Although Michigan's post-conviction statute places limitations on the ability of a prisoner to file a successive motion for relief from judgment, it does not absolutely bar the filing of a subsequent post-conviction motion, and in fact, allows for such motions to be filed in certain cases. As long as petitioner properly files this motion for relief from judgment, it would toll the running of the one year statute of limitations period contained in the AEDPA.

Because this Court concludes that the one year statute of limitations period would be tolled by the filing of a second motion for relief from judgment, it is unnecessary for this Court to stay the proceedings. Because this Court is dismissing the petition for writ of habeas corpus without prejudice, the Court at this time dismisses petitioner's other motions as being moot.

## III. *ORDER*

Based on the foregoing, the Court denies petitioner's motion to stay the proceedings and **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus.