**Michael NEAL, Petitioner,**

v.

**Barbara BOCK, Respondent.**

**No. 99–10398–BC.**

United States District Court,
E.D. Michigan,
Southern Division.

March 28, 2001.

---

Michael Neal, Coldwater, MI, pro se.

Vincent J. Leone, Michigan Dept. of Atty. Gen., Habeas Corpus Div., Lansing, MI, for Barbara Bock.

### OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

LAWSON, District Judge.

Petitioner, Michael Neal, presently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a petition seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction on one count of first-degree murder, Mich. Comp. L. § 750.316, and one count of possession of a firearm during the commission of a felony. Mich. Comp. L. § 227. The petition presents claims of 1) admission of an involuntary confession; 2) improper refusal of the trial court to hear arguments in support of the defendant's motion for a directed verdict in the trial court; 3) improper finding of probable cause to believe petitioner committed the crimes charged through reliance upon a confession petitioner denied making; 4) violation of the *corpus delecti* rule; 5) admission of petitioner's alleged confession in violation of the rule against admission of hearsay; 6) prejudicial error in the jury instructions concerning reasonable doubt;

7) prosecutorial misconduct; 8) ineffective assistance of trial counsel; and 9) ineffective assistance of appellate counsel. Respondent has filed a motion to dismiss the petition, contending that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has submitted an answer to respondent's motion, contending that his petition is not time barred. Because petitioner did not file his petition within the period of limitation set forth in 28 U.S.C. § 2244, the Court will grant respondent's motion to dismiss.

## I.

■ Petitioner was convicted of the above offenses after a jury trial in the Recorder's Court for the City of Detroit. Petitioner's convictions were affirmed on direct appeal by the Michigan Court of Appeals on February 20, 1990. The Michigan Supreme Court denied petitioner's application for leave to appeal to that court on October 17, 1990. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. Therefore, his conviction became final ninety days after his appeal was concluded in the Michigan courts. 28 U.S.C. § 2244(d)(1)(A); Sup.Ct. R. 13(1); *Lambrix v. Singletary*, 520 U.S. 518, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997); *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir.2000). In this case, his conviction became final on January 16, 1991.

On March 20, 1995, the trial court denied petitioner's first motion for relief from judgment. There is no indication in the record that petitioner sought leave to appeal this denial.

On April 8, 1997, petitioner filed another motion for relief from judgment, which was denied by the trial court. On November 12, 1998, the Michigan Court of Appeals denied petitioner's application for leave to appeal the denial of his second motion for relief from judgment. On July 27, 1999, the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his second motion for relief from judgment.

■ For the purpose of adjudicating respondent's motion, the Court shall assume without deciding that the petition for writ of habeas corpus now before the Court was filed with this Court on September 20, 1999, the date that petitioner signed his petition.[1]

## II.

■ Respondent has filed a motion to dismiss the pending habeas corpus petition as untimely. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA" or

---

1. Respondent contends that petitioner filed his petition on October 25, 1999. The Court's electronic records indicate that a rejection of a habeas petition submitted by petitioner occurred on October 5, 1999, and that a habeas petition was accepted and filed by the court on October 25, 1999. Under the "prison mailbox rule," a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts. Underlying this rule is recognition of the fact that prisoners can generally control when they present materials to their custodians for mailing, but they cannot control when these materials are actually mailed. *Hudson v. Martin*, 68 F.Supp.2d 798, 799, n. 2 (E.D.Mich.1999). Absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas petition to prison officials on the date he signed it, for the purposes of the AEDPA's one year limitations period. *Id.* (citing *Torres v. Irvin*, 33 F.Supp.2d 257, 270 (S.D.N.Y.1998)); *see also Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D.La.1999). Because petitioner's habeas petition is signed and dated September 20, 1999, this Court shall assume that this was the date that petitioner actually filed his petition, despite the existence of some evidence that it may have been filed later.

"the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996. Petitioner's application for habeas corpus relief was filed after April 24, 1996. Therefore, the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to petitioner's application. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Among other amendments, the AEDPA amended 28 U.S.C. § 2244 to include a one-year limitation period within which habeas petitions challenging state court judgments must be filed. A petition for writ of habeas corpus now must be filed within one year of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

■ Where a prisoner's conviction became final prior to the effective date of the AEDPA, the prisoner is permitted one year from the AEDPA's effective date to file a petition for habeas corpus relief in federal court. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir.1999). The court must dismiss a case where a petitioner for a writ of habeas corpus does not comply with the one-year statute of limitations. *Thomas v. Straub*, 10 F.Supp.2d 834, 835 (E.D.Mich.1998).

Petitioner's conviction became final before the AEDPA's effective date, April 24, 1996. Therefore, absent state collateral review, petitioner would have been required to file his application for habeas corpus by April 24, 1997 to comply with the one-year limitations period. However, the time during which a prisoner seeks collateral review of a conviction does not count toward the limitations period. Section 2244(d)(2) provides:

> The time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). *See also Matthews v. Abramajtys*, 39 F.Supp.2d 871, 874 (E.D.Mich.1999); *Hudson v. Jones*, 35 F.Supp.2d 986, 988 (E.D.Mich.1999).

In the present case, petitioner's postconviction motion for relief from judgment was filed on April 8, 1997, with sixteen days remaining before the expiration of the one-year limitations period. Consequently, petitioner had that amount of time—sixteen days—to file his habeas petition in federal court after the Michigan Supreme Court denied review of his motion for relief from judgment.

■ Petitioner argues that his petition is timely, citing *Lovasz v. Vaughn*, 134 F.3d 146, 149 (3rd Cir.1998) and *Hudson v. Jones*, 35 F.Supp.2d 986 (E.D.Mich.1999). These cases stand for the rule that, once a properly filed petition for post-conviction relief is filed in the state court, the habeas statute of limitations period is tolled as long as the state court or the state postconviction procedures allow for review. Petitioner is mistaken as to the effect of a pending state court petition for collateral

review and its effect on the "shall not be counted" language contained in 28 U.S.C. § 2244(d)(2). This statutory provision does not call for establishing a new period of limitation; rather, it incorporates the concept of "tolling" into the period of limitation contained in the statute.

▮ "Toll" means "to stop the running of" or "to abate." Black's Law Dictionary 1495 (7th ed.1999). A tolling statute "interrupts the running of a statute of limitations in certain situations." *Id.* "Tolling" has been defined as "a temporary cessation, without any express statutory authority, of the running of the [one-year] period; it is not an extension, although it may have the same practical effect." 54 A.L.R. Fed. 335 n. 2 (1981).

In addressing an analogous issue, the United States Supreme Court has held that the "[p]rinciples of equitable tolling usually dictate that when a time bar has been suspended and then begins to run again upon a later event, the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped." *United States v. Ibarra*, 502 U.S. 1, 4 n. 2, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991).

Likewise, the Court of Appeals for the Second Circuit has held that tolling in the habeas context does not reset the limitations clock. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000). In *Smith*, the petitioner was convicted in 1987 of second-degree murder and criminal possession of a weapon. The conviction became final on July 2, 1991. On May 1, 1997, Smith filed a state petition which was denied on November 17, 1997. Eighty-seven days later, Smith filed a federal habeas corpus petition which was dismissed as untimely.

The *Smith* Court stated that petitions for convictions that were final prior to April 24, 1996 have until April 27, 1997,

absent any tolling during that one-year "grace period," to file a habeas petition. The Court held that the tolling provision of 28 U.S.C. § 2244(d)(2) "excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith*, 208 F.3d at 17. Smith's grace period ran 364 days, was tolled for 208 days while the state petition was pending, resumed November 17, 1997 and expired November 18, 1997, 86 days before the federal petition was filed. The Court noted that resetting the statute of limitations could allow state prisoners to "manipulate the deadline for federal habeas review by filing additional petitions in state court." *Id.* at 17.

The Tenth Circuit has held that in the context of equitable tolling the limitations period is suspended but does not begin the period again. *Benge v. United States*, 17 F.3d 1286 (10th Cir.1994). In *Benge*, the plaintiff filed administrative claims alleging medical malpractice by doctors at a naval hospital. The claims were denied on June 23, 1991. The plaintiff filed an initial complaint in federal court two days before the end of the six-month statute of limitations period. The initial complaint was dismissed, and the petitioner refiled the complaint nearly six weeks after the dismissal. The Court barred the petitioner's claim on statute of limitations grounds because only two days remained in the limitations period.

In the instant case, the limitation period likewise did not begin to run anew when the Michigan Supreme Court denied leave to appeal. The time during which petitioner had a properly filed application for collateral review pending in state court is excluded from the one-year limitation period, but the limitation period is not reset upon the conclusion of state collateral review.

The Michigan Supreme Court denied petitioner's application for leave to appeal denial of his motion for relief from judgment on July 27, 1999. Thus, petitioner had until August 12, 1999 to file his habeas petition in compliance with the statute of limitations. Petitioner filed his federal habeas corpus petition on September 20, 1999, over one month after the one-year statute of limitations had expired. Consequently, petitioner filed his habeas petition after the limitations period had expired and his petition is barred by the statute of limitations. *Isham v. Randle*, 226 F.3d 691, 693 (6th Cir.2000), *cert. denied*, — U.S. ——, 121 S.Ct. 1211, 149 L.Ed.2d 124 (2001)(holding that habeas petition filed thirteen days after the one year statute of limitations expired was barred as untimely); *Bronaugh v. Ohio*, 235 F.3d 280 (6th Cir.2000).

■■■■ Nor may petitioner avoid the application of the statute of limitation under the doctrine of "equitable tolling." "Equitable tolling stops the running of the statute of limitations in light of established equitable considerations." *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1125 (3d Cir.1997). At least one federal appellate court has concluded that the statute of limitations period set forth in § 2244(d) is subject to equitable tolling. *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1288–89 (9th Cir.1997). Equitable tolling under the AEDPA should be found, and an extension of time granted, only if " 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Moore v. Hawley*, 7 F.Supp.2d 901, 904 (E.D.Mich. 1998). In the present case, petitioner has not offered any reasons for failing to file his petition for writ of habeas corpus within the one year limitations period. Likewise, petitioner fails to offer any reasons for waiting over six years following the denial of his direct appeal by the Michigan Supreme Court to file his second motion for postconviction relief with the state courts or to seek habeas relief with the federal courts.[2] A habeas petitioner must diligently pursue habeas relief to avail himself of the doctrine of equitable tolling. *Craddock v. Mohr*, 215 F.3d 1325, 2000 WL 658023, *2 (6th Cir. May 8, 2000). Because petitioner has not adequately explained his failure to diligently pursue post-conviction relief in the state courts or to seek a writ of habeas corpus with this Court, he is not entitled to equitable tolling of the limitations period. *See Jones v. Gundy*, 100 F.Supp.2d 485, 488 (W.D.Mich. 2000).

Some courts have suggested that a claim of actual innocence of a habeas petitioner might permit the filing of an untimely habeas petition. *Cromwell v. Keane*, 33 F.Supp.2d 282, 286–87 (S.D.N.Y.1999); *Thomas v. Straub*, 10 F.Supp.2d 834, 836. This Court need not address that issue in this case, however, because petitioner has failed to make a credible showing of actual innocence; he has offered no new reliable evidence of innocence in support of his claim.

### III.

The Court concludes that petitioner failed to file his application for a writ of habeas corpus within the one-year limitations period established by 28 U.S.C. § 2244(d). The Court further concludes

---

**2.** Petitioner filed an earlier motion for relief from judgment which was denied on March 20, 1995. This 1995 motion is not a factor in computation of petitioner's entitlement to statutory tolling of the one year limitations period, because it was denied by the trial court before the effective date of the AEDPA and there is no indication that petitioner sought leave to appeal this denial.

that petitioner failed to demonstrate any exceptional circumstances which would warrant equitable tolling of the limitations period.

Accordingly, it is **ORDERED** that Respondent's Motion to Dismiss [dkt # 8] is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED** with prejudice.