**Patrick SCHROEDER, Petitioner,**

v.

**Paul RENICO, Respondent.**

**No. 00–10430–BC.**

United States District Court,
E.D. Michigan,
Northern Division.

July 23, 2001.

Patrick Schroeder, St. Louis, MO, pro se.

Vincent J. Leone, Michigan Department of Attorney General, Lansing, MI, Bethany L. Sceib, Lansing, MI, for defendant.

***OPINION AND ORDER DENYING MOTION TO STAY PROCEEDINGS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE***

LAWSON, District Judge.

Petitioner, Patrick Schroeder, presently confined at the St. Louis Correctional Fa-

cility in St. Louis, Michigan, has filed a petition for writ of habeas corpus. Respondent filed a motion on March 28, 2001 to dismiss the petition because it contains unexhausted claims. However, in addition to his habeas corpus application challenging his conviction and sentence, petitioner has filed a motion to stay proceedings in this Court pending adjudication in the state courts of his motion for relief from judgment filed pursuant to Mich. Ct. R. 6.500, *et seq.* Because adequate time remains before the expiration of the one-year statute of limitations for petitioner to refile his habeas action in this Court after having exhausted his claims in state court, and there is no necessity to stay the proceedings since petitioner has a properly filed application for post-conviction relief pending in the Michigan state courts, the Court will deny petitioner's motion to stay the proceedings and will dismiss the application for writ of habeas corpus without prejudice.

### I.

Petitioner seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his *nolo contedere* plea-based conviction and sentence for second-degree home invasion. Mich. Comp. Laws § 750.110a(3). Petitioner was convicted of that offense in the Branch County, Michigan Circuit Court on February 26, 1999 and sentenced as a third felony habitual offender to eighteen to thirty years imprisonment for this offense. Mich. Comp. Laws § 750.110a(6); Mich. Comp. Laws § 769.11(1)(a).[1] Petitioner's conviction and sentence were affirmed by the Michigan Court of Appeals on August 11, 1999 and by the Michigan Supreme Court on September 26, 2000. Petitioner was denied relief in the Michigan Court of Appeals.

 Petitioner filed his application for a writ of habeas corpus with this Court on October 19, 2000,[2] together with a motion to stay proceedings. In the motion, petitioner requests a stay from this Court so that he may exhaust state court remedies concerning claims presented in his pending state motion for relief from judgment and the present habeas petition which were not properly presented or exhausted in his direct appeal.

The petition raises four issues:

I. The trial judge would not allow petitioner to withdraw his no-contest plea.

II. Petitioner's attorney was ineffective.

III. The trial court failed to hear petitioner's motion for dismissal for violating Michigan's "180–day rule" denying petitioner his right to a speedy trial.

---

**1.** The maximum penalty for second-degree home invasion for a first conviction is fifteen years. Mich. Comp. Laws § 750.110a(6). Because petitioner was sentenced as a third felony offender, his maximum sentence exposure for second-degree home invasion as a habitual offender was twice the maximum first conviction sentence, that is, thirty years. Mich. Comp. Laws § 769.11(1)(a).

**2.** Under the prison mailbox rule, a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts. *Hudson v. Martin,* 68 F.Supp.2d 798, 799, n. 2 (E.D.Mich.1999).

Absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas petition to prison officials on the date he signed it, for the purposes of the AEDPA's one year limitations period. *Id.* (citing *Torres v. Irvin,* 33 F.Supp.2d 257, 270 (S.D.N.Y. 1998)); *see also Colarte v. Leblanc,* 40 F.Supp.2d 816, 817 (E.D.La.1999). Because Petitioner's habeas petition is signed and dated October 19, 2000, and there is no evidence in the record to the contrary, this Court assumes that this was the date that petitioner actually filed his petition with this Court.

IV. The minimum sentence is not proportional.

## II.

■ A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999)("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir.1994). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim [3] to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik,* 986 F.2d 1506, 1516 (6th Cir.1993). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on petitioner's claims." *Rust,* 17 F.3d at 160. A petitioner must present each ground to both appellate courts. *Welch v. Burke,* 49 F.Supp.2d 992, 998 (E.D.Mich. 1999); *see also Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir.1990). The burden is on the petitioner to prove exhaustion. *Rust,* 17 F.3d at 160.

■ As stated in *Anderson v. Harless,* 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts ... or that a somewhat similar state-law claim was made." *Anderson,* 459 U.S. at 6, 103 S.Ct. 276 (footnote omitted). A Michigan prisoner is required to raise each issue he seeks to present in the federal habeas proceeding before the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley,* 902 F.2d at 483.

In this case, petitioner has not exhausted his available state court remedies with respect to his ineffective assistance claims and his denial of speedy trial and "180 day rule" claim. Petitioner acknowledges as much, albeit that he has a state court post-conviction application pending raising these issues.

■ Generally, a federal district court must dismiss a "mixed" petition for a writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982);[4] *see also O'Guinn v. Dutton,* 88 F.3d 1409, 1412 (6th Cir.1996). "[A] petition containing at least one issue which was not presented to the state courts must be dismissed for failure to comply with the total exhaustion rule." *Rust,* 17 F.3d at 160.

■ Because petitioner acknowledges that his petition includes unexhaust-

---

**3.** A writ of habeas corpus is available to a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

**4.** In *Rose,* the Court also discussed the possible consequences of these choices. The plurality indicated that under 28 U.S.C. § 2254 Rule 9(b), "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal [with prejudice] of subsequent federal petitions." *Id.* at 521 [O'Connor, J., with three justices concurring].

ed issues, including his claim that trial counsel provided ineffective assistance of counsel concerning investigation of the factual basis for an alibi defense and advising petitioner to plead no contest, the functional equivalent of a guilty plea for conviction and sentencing purposes, despite his innocence, the petition should be dismissed as a mixed petition unless the petitioner can demonstrate some equitable or extraordinary reason that an alternate procedure should be employed.[5]

## III.

■ A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir.1998). However, in order to stay federal pro-

ceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Williams v. Vaughn*, 3 F.Supp.2d 567, 576 (E.D.Pa. 1998); *Parker v. Johnson*, 988 F.Supp. 1474, 1476 (N.D.Ga.1998).

■ Petitioner has failed to allege any exceptional or unusual circumstances that would justify staying federal proceedings while petitioner attempts to exhaust his additional claims in the Michigan courts. Likewise, petitioner has failed to demonstrate that he would be prejudiced if the petition were dismissed without prejudice. Title 28 of the United States Code § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be

---

5. Petitioner presented his claim that the trial court improperly failed to consider his motion that he was denied a speedy trial under Michigan's 180-day rule to the Michigan Supreme Court, but not to the Michigan Court of Appeals. Moreover, petitioner does not dispute that he failed to present his ineffective assistance of counsel claim to the trial court and both appellate courts in the course of his direct appeal. Therefore, these claims are not exhausted.

> If the record made before a defendant is convicted does not factually support claims he wishes to urge on appeal, he should move in the trial court for a new trial or, where the conviction is on a plea of guilty, to set aside the plea, and seek to make a separate record factually supporting the claims. *See People v. Taylor*, 387 Mich. 209, 218, 195 N.W.2d 856 (1972). Without record evidence supporting the claims, neither the Court of Appeals nor we have a basis for considering them.

*People v. Ginther*, 390 Mich. 436, 443, 212 N.W.2d 922, 925 (1973)(footnote omitted). In order to establish ineffective assistance of counsel, petitioner must show that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 691–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The "rule set forth in *Strickland* qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United

States.'" *Williams v. Taylor*, 529 U.S. 362, 391, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Failure to adequately investigate a known alibi witness (or witnesses) who could have testified that the defendant was somewhere other than the crime scene at about the same time that the crime was committed is unprofessional attorney error, that is deficient performance. *Fargo v. Phillips*, 129 F.Supp.2d 1075, 1093–96 (E.D.Mich.2001); *Washington v. Smith*, 219 F.3d 620, 633 (7th Cir.2000). A defense lawyer in a criminal case has the duty to advise his client whether a particular plea to a charge appears desirable. *Boria v. Keane*, 99 F.3d 492, 496 (2d Cir.1996). Failure to give any advice concerning the acceptance of a plea bargain is below the standard of reasonable representation. *Id.* at 496–97. To establish that a defendant was prejudiced by counsel's deficient advice regarding a plea offer, a defendant asserting an ineffective assistance of counsel claim must show that a plea agreement was offered by the prosecution. *Wanatee v. Ault*, 101 F.Supp.2d 1189, 1200 (N.D.Iowa 2000). The test for determining whether a defendant would have accepted a plea offer had he been properly advised of the law is an objective one, under which the court considers what a reasonable defendant would have decided to do, had he been given proper advice. *Id.* at 1204–05.

counted towards the period of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *Matthews v. Abramajtys,* 39. F.Supp.2d 871, 874 (E.D.Mich.1999). Because the one-year statute of limitations, or at least so much of it that remains unexpired, is tolled during the pendency of a state post-conviction motion, a motion for stay of a federal habeas corpus proceeding is not necessary or appropriate to preserve the federal forum for all of petitioner's claims. *Healy v. DiPaolo,* 981 F.Supp. 705, 708 (D.Mass. 1997). The AEDPA does not require a court to hold a habeas corpus petition in abeyance pending the exhaustion of new claims in state court. *Id.* Therefore, a federal district court does not abuse its discretion in dismissing a federal habeas petition without prejudice, rather than holding it in abeyance, while the petitioner's properly filed · application for state post-conviction review is pending. *Brewer,* 139 F.3d at 493; *see also Parisi v. Cooper,* 961 F.Supp. 1247, 1249 (N.D.Ill.1997).

According to petitioner, the Michigan Supreme Court denied him relief on September 26, 2000. If this date is correct, petitioner's conviction became final ninety days later, on December 25, 2000, when the deadline for seeking a writ of certiorari in the United States Supreme Court expired.[6] Petitioner then had twelve months—until December 26, 2001—within which to file his habeas petition, or to toll the statute of limitations. Petitioner states that he filed a motion for relief from judgment pursuant to Mich. Ct. R. 6.500, *et seq.,* on or about February 4, 2001.

The present habeas petition was filed on October 19, 2000, before petitioner filed his motion for relief from judgment in state court and before petitioner's conviction be-

came final in state court. The Supreme Court has held that the filing of a federal habeas corpus petition .does not trigger 28 U.S.C. § 2244(d)(2) to suspend the running of the one-year statute of limitations. *Duncan v. Walker,* 531 U.S. 991, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Although the Court's decision did not preclude the district courts from. "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies", or from "deeming the limitations period tolled for [a federal] petition as a matter of equity," *Id.* at 2130 (Stevens, J., concurring), there is no need to resort to these procedural remedies in this case.

A properly filed application within the meaning .of 28 U.S.C. § 2244(d)(2) is one submitted in accordance with a state's procedural requirements, such as the rules governing the time and place for filing. *Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000); *Matthews,* 39 F.Supp.2d at 874. Assuming that an application is properly filed under the state court's procedural rules, it remains "pending" during the intervals between stages of state court proceedings. *Taylor v. Lee,* 186 F.3d 557 (4th Cir.1999); *Nino v. Galaza,* 183 F.3d 1003, 1004 (9th Cir.1999); *Matthews,* 39 F.Supp.2d at 874. The remaining portion of the one-year statute of limitations will remain tolled until the Michigan Supreme Court completes collateral review by denying the petitioner's application for leave to appeal from the trial court's denial of his post-conviction motion for relief from judgment, if in fact, petitioner fails to obtain relief from any Michigan state court on his motion. *Id.; see also Hudson v. Jones,* 35 F.Supp.2d 986, 988–89 (E.D.Mich.1999).

**6.** Petitioner's conviction became final ninety days after the decision of the Michigan Supreme Court, when the deadline expired for seeking a writ of certiorari in the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(A); Sup.Ct.R. 13(1); *Allen v. Hardy,* 478 U.S. 255, 258 n. 1, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986).

Petitioner's motion for relief from judgment was filed in state court on or about February 4, 2001 and is still pending. The limitations period is presently "tolled" by the pendency of that motion. 28 U.S.C. § 2244(d)(2). The limitations period will remain tolled as long as petitioner's motion for relief from judgment and any appeals therefrom remain pending in the state courts. Petitioner will have 323 days (assuming that petitioner's alleged state-court filing date is accurate) from the time that any appeal of his motion for relief from judgement becomes final in the Michigan Supreme Court within which to refile his habeas corpus petition raising only completely exhausted claims in federal district court.[7] Consequently, there is no need for this court to stay the present habeas corpus petition.

■ Because this Court concludes that there is a substantial portion of the one-year statute of limitations that remains unexpired, which will allow petitioner to return to this Court after having exhausted all his claims in state court,[8] it is unnecessary for this Court to stay the proceedings. Therefore, petitioner's motion to stay proceedings shall be denied.

### IV.

Accordingly, it is **ORDERED** that the motion to stay proceedings is **DENIED.**

It is further **ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.** Pursuant to Fed.R.Civ.P. 58(1), no judgment shall be entered. Petitioner may reopen this case after exhausting his state court remedies pursuant to 28 U.S.C. § 2254(c), provided that there remains a portion of the one-year period prescribed by 28 U.S.C. § 2244 unexpired. However, petitioner is advised to refile his exhausted habeas corpus petition raising each and every federal constitutional issue of which he seeks federal habeas review immediately after the complete exhaustion of state court remedies.

---

7. As noted above, the one-year period of limitations began running on December 26, 2000, and continued to run for 42 days until petitioner filed his post-conviction application for relief in state court, leaving 323 days remaining. However, petitioner will *not* have an additional ninety days after the Michigan Supreme Court concludes the present post-conviction before the statute starts to run again. *See Isham v. Randle*, 226 F.3d 691, 694–95 (6th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1211, 149 L.Ed.2d 124 (2001)(holding that 28 U.S.C. § 2244(d)(2) does not toll the limitations period to take into account the time in which a defendant could have potentially filed a petition for certiorari with the

United States Supreme Court, following a state court's denial of post-conviction relief).

8. The United States Supreme Court has recently noted that the complete exhaustion rule "contemplated that the prisoner could return to federal court after the requisite exhaustion." *Slack v. McDaniel*, 529 U.S. 473, 485–87, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). This is consistent with the purpose of the exhaustion requirement, which is to give the state courts the first opportunity to review a state criminal defendant's claims of federal constitutional error, not to bar review of those claims.