**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-10059
_____

BRENT RAY BREWER,

Petitioner-Appellant,

VERSUS

GARY L. JOHNSON,

Respondent-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
_____

April 17, 1998

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:

Petitioner Brent Ray Brewer, a Texas prisoner under sentence of death, appeals the order lifting his stay of execution and dismissing his federal habeas corpus action. We affirm.

PROCEDURAL HISTORY

On June 30, 1995, Brewer filed a motion to stay his execution and requested that the court appoint counsel for the purpose of filing a petition for federal habeas corpus. The district court granted a stay of execution and appointed the Federal Public

1

Defender ("FPD") to represent Brewer. On January 22, 1996, Brewer filed a Notification of Intent to Return to State Court to Apply for State Habeas Corpus Relief and a motion to hold the federal proceedings in abeyance, to continue appointment of federally funded counsel and to permit federal appointed counsel to work on unexhausted claims in the state court of Texas. On the same date, Brewer filed his second request in state court for the appointment of counsel to represent him in state court.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was signed into law.

On November 22, 1996, the State of Texas appointed attorney Rick Keffler to represent Brewer in seeking to obtain or exhaust state remedies. Brewer, with the assistance of Keffler, filed an application for writ of habeas corpus in state court on April 23, 1997 and an amended application on August 19, 1997. That application is currently pending.

On January 10, 1997, the district court dismissed the federal proceeding without prejudice and lifted the federal stay of execution. Brewer appealed. This court ordered that the appeal proceed without the necessity of a Certificate of Appealability or Certificate of Probable Cause.

ANALYSIS

The district court's denial of a motion to abate federal proceedings pending the exhaustion of state remedies and its order of dismissal without prejudice are reviewed for abuse of discretion. *See Sterling v. Scott*, 57 F.3d 451, 454 (5th Cir.

2

1995); *Johnson v. Texas*, 878 F.2d 904, 906 (5th Cir. 1989). Likewise, the district court's refusal to grant a stay in a habeas proceeding is reviewed for abuse of discretion. *See McFarland v. Scott*, 512 U.S. 849, 858 (1994).

Brewer contends that the district court abused its discretion when it dismissed his federal action, denying his requests to hold his federal proceeding in abeyance, to continue the stay of execution, and to allow federally appointed counsel to continue to represent him in the federal proceeding[1] while he pursues his state remedies. In *McFarland v. Scott*, 512 U.S. 849, 858 (1994), the Supreme Court held that the right to federally appointed counsel in post conviction habeas challenges to death sentences exists regardless of whether a federal petition is pending, stating that "the right to counsel necessarily includes the right for that counsel meaningfully to research and present a defendant's habeas claims." *Id*.

The district court clearly had authority to either abate or dismiss the action. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991)("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."); *see also, e.g., Johnson v. Texas*, 878 F.2d 904 (5th Cir. 1989)(treating a § 1983 action as a § 2254 action and affirming the

---

[1] We note that Brewer is not seeking to use federally funded counsel to litigate his state claims. Therefore, the decision in *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995), barring such use does not expressly address the issue presented in this appeal.

3

district court's decision to hold the action in abeyance pending exhaustion.)

## A. Discretion to dismiss or abate

Brewer begins by arguing that the district court made a mistake of law by failing to recognize that it had discretion to abate the proceedings rather than dismiss them.  Brewer focuses on language in the Order of Dismissal and Lifting Stay of Execution:

> The Court . . . finds that this action must be dismissed for failure to exhaust state court remedies pursuant to *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

Brewer correctly points out that neither *Richardson*, nor any other controlling precedent dictated the dismissal of the federal action in this case.  However, Brewer's argument fails because, after reviewing the record as a whole, it is clear to us that the district court recognized its authority to dismiss or abate, weighed the factors that supported each of the possible outcomes and exercised its discretion to dismiss.  Specifically, the magistrate's report and recommendation, adopted by the district court, considered the various arguments and authorities supporting abatement put forward by Brewer, and rejected them on their merits.

## B. Did the district court abuse its discretion?

Brewer argues that the one year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1), ("AEDPA") may deprive him of the opportunity for meaningful representation in his federal habeas petition unless the order of dismissal is reversed.

The time during which a properly filed application for state

4

post conviction or other collateral review with respect to Brewer's conviction is pending is not counted toward the limitations period. *See* 28 U.S.C. § 2244(d)(2). Therefore, the limitations period is currently tolled by the pending state habeas petition, regardless of the dismissal of the federal case. Brewer has not established that the AEDPA limitations period will preclude the refiling of his federal proceeding after he has properly exhausted his state remedies. For that reason, we hold that the district court did not abuse its discretion in dismissing Brewer's federal action.

AFFIRMED.