# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 02-20567
Summary Calendar

_____

RODNEY KYLE BURTON,

                                                              Petitioner-
Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                                              Respondent-
Appellee.

-----------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-3892
-----------------------------------------------------------
December 3, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rodney Kyle Burton, Texas prisoner # 834048, appeals the denial of his FED. R. CIV. P. 60(b)

motion seeking to have the judgment dismissing his 28 U.S.C. § 2254 petition vacated. In his instant

petition, Burton challenged the validity of his 1991 guilty-plea theft-by-check conviction, which was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

used to enhance his 1998 sexual-assault conviction. The district court determined that Burton's 1991 guilty plea was knowing and voluntary and denied his habeas petition. Burton argues, as he did in his Rule 60(b) motion before the district court, that the district court lacked jurisdiction over his 28 U.S.C. § 2254 petition because a state habeas petition challenging his 1998 conviction on different grounds was pending in state court when he filed his instant federal habeas petition.

Burton's Rule 60(b) motion raised no challenges to his convictions; nor did it challenge the district court's assessment of his 28 U.S.C. § 2254 claims. Rather, as apparent from Burton's pleadings, his Rule 60(b) motion sought to vacate the judgment denying habeas relief in an attempt to manipulate the jurisdiction of the district court with respect to his later filed 28 U.S.C. § 2254 petition raising a different challenge to his 1998 conviction. Though the district court denied Burton a certificate of appealability (C0A) and Burton seeks a COA from this court, a COA is not required for Burton's appeal. See Dunn v. Cockrell, __ F.3d __, 2002 WL 1888802 * 1 (5th Cir. Aug. 15, 2002).

Burton's argument on appeal and presented in his Rule 60(b) motion, that the district court lacked jurisdiction over his federal habeas petition because his state habeas petition was still pending in state court, is without merit. See Narvaiz v. Johnson, 134 F.3d 688, 693 n.1 (5th Cir. 1998); Brewer v. Johnson, 139 F.3d 491, 493 (5th Cir. 1998).

The district court's denial of Burton's Rule 60(b) motion is AFFIRMED. To the extent a COA is required to appeal the denial of the Rule 60(b) motion, COA IS DENIED.