**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 28, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-51001
Summary Calendar
_____

ANTHONY M. LECHUGA,

Petitioner-Appellant,

versus

ROBERT DINSMORE, Judge 120th District Court of Texas,
El Paso County, Texas,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CV-464-EP
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Anthony M. Lechuga, Texas prisoner # 890614, has filed a motion for leave to proceed in forma pauperis ("IFP") in his appeal of the district court's dismissal of his petition for a writ of mandamus for failure to state a claim and the dismissal of his habeas claims without prejudice as unexhausted. Lechuga argues that the district court erred in dismissing his habeas

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims for failure to exhaust his state court remedies because the State of Texas unjustifiably delayed action on his state habeas application and his state habeas application raised the same claims as his federal habeas petition.

At the time the district court entered the order dismissing Lechuga's 28 U.S.C. § 2254 petition for failure to exhaust, the district court was unaware that Lechuga's state habeas application had, in fact, already been denied. The district court's order was based on Lechuga's own assertion that his state application had not yet been ruled upon. Thus, the court had the discretion to either dismiss the petition without prejudice or hold the matter in abeyance pending the resolution of Lechuga's state habeas application. See Brewer v. Johnson, 139 F.3d 491, 493 (5th Cir. 1998). In light of the facts before the district court at the time the order of dismissal was entered, Lechuga has not shown that the district court erred in dismissing his 28 U.S.C. § 2254 petition without prejudice. See Great Plains Equip., Inc. v. Koch Gathering Sys., Inc., 45 F.3d 962, 965 (5th Cir. 1995).

To the extent that Lechuga's brief could be construed as arguing that the district court erred in denying his Rule 59(e) motion, his claim is likewise without merit. The district court's decision not to conduct a de novo review of Lechuga's 28 U.S.C. § 2254 petition was not unreasonable in light of the fact that the court had dismissed his petition without prejudice

to its refiling.  <u>St. Paul Mercury Ins. Co. v. Fair Grounds Corp.</u>, 123 F.3d 336, 339 (5th Cir. 1997).

Because Lechuga has not shown that the district court erred in certifying that an appeal would not be taken in good faith, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous.  See <u>Baugh v. Taylor</u>, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.