# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-06-00740-CV

---

**Roque Tercero-Aranda, Appellant**

**v.**

**Greg Abbott, Attorney General of Texas; Denise A. Villarreal, Assistant Attorney General; Patricia K. Dyer, Assistant Attorney General; Carter T. Schildknecht, District Judge; Virginia Stewart, District Clerk of Gaines County; Ricky B. Smith, District Attorney; and Troy Bennett, Clerk, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-GN-04-003555, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

Roque Tercero-Aranda, appearing pro se, challenges the district court's order dismissing his civil rights claims against several state and county defendants, including the attorney general, two assistant attorneys general, a Gaines county district judge and clerk, a district attorney, and the clerk of the court of criminal appeals. We affirm the district court's judgment.

Aranda filed this civil rights lawsuit in Travis County district court on October 25, 2004. *See* 42 U.S.C. §§ 1981, 1983, 1985(3) (West 2003). At the time Aranda filed this suit, he was incarcerated in the McConnell Unit in Beeville, Texas. In April 2007, after he had been released on parole, Aranda was deported to Mexico.

The events giving rise to Aranda's claims in this lawsuit began in 1997. On October 7, 1997, a jury in Gaines County, Texas, found Aranda guilty of burglary of a habitation. Aranda's conviction was affirmed by the Eighth Court of Appeals of Texas on December 3, 1998, and Aranda did not seek review by the Texas Court of Criminal Appeals. His conviction became final on January 2, 1999.

Aranda filed a petition for writ of habeas corpus in federal district court on October 2, 2000, and claimed that he had also filed a state habeas application in state court on October 5, 1999. In response to Aranda's federal habeas petition, respondent, Director of the Texas Department of Criminal Justice Institutional Division (TDCJ Director), filed a motion to dismiss, arguing that Aranda had failed to exhaust state administrative remedies. Although Aranda claimed that he had filed his state habeas application on October 5, 1999, the TDCJ Director contended that no such application had been filed. The federal district judge ordered the TDCJ Director to produce outgoing mail logs from the prison unit where Aranda was incarcered as well as an affidavit from the Gaines County district clerk's office, showing that no state habeas application had been mailed or received. The TDCJ Director produced the logs as ordered, and based on those logs, the federal district court dismissed Aranda's suit for failure to exhaust state remedies on June 12, 2001. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998).

On July 23, 2001, Aranda filed a state habeas application. The court of criminal appeals denied the application on December 12, 2001, without written order. On March 26, 2002, Aranda filed a second application for writ of habeas corpus in federal court. Then, on March 7,

2

2003, the federal district court dismissed this application as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996, finding that Aranda's federal habeas petition was due January 2, 2000, but not filed until March 26, 2002. *See* 28 U.S.C. § 2244 (West 2006).

On October 25, 2004, Aranda filed his original petition in this case for violations of his federal civil rights pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3), claiming that appellees deprived him of his right to relief under a "properly filed" writ of habeas corpus. According to Aranda, although he "properly filed" his writ of habeas corpus on October 5, 1999, appellees prevented it from being filed. Aranda contends that either the attorney general appellees prevented his habeas corpus petition from being filed, or the court appellees "deliberately refused" to file it. Aranda asked the district court for compensatory and punitive damages, injunctive and declaratory relief, and equitable relief.

The state appellees filed their motion to dismiss on November 4, 2005, arguing that Aranda's claim was frivolous or malicious under section 14.003(a)(2) of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (West 2002). According to the state appellees, Aranda's claim was frivolous or malicious because, among other reasons, "Aranda has filed the same claims in three other courts" and "Aranda is estopped from re-litigating the central issue of whether he filed a petition for writ of habeas corpus in state court."

On June 12, 2005, the county appellees filed a "Notice That Plaintiff Roque Tercero Aranda Is a Vexatious Litigant and Requirement That His Lawsuit Be Dismissed Unless He Obtains An Order From the Local Administrative Judge," requesting that, pursuant to section 11.103(b) of the civil practice and remedies code, the district court:

3

immediately stay the litigation and that it be dismissed no later than the 10th day after this notice has been filed in the event that the Plaintiff does not obtain an order from the local administrative judge to permit this litigation to go forward.

*See id.* § 11.103(b) (West 2002).

Following a telephonic hearing with all parties, the district court entered its order of dismissal as to the state appellees on October 26, 2006. The court's order concluded that appellees' "motion to dismiss should be GRANTED in accordance with Tex. Civ. Prac. & Rem. Code § 14.003(a)(2) as frivolous or malicious." The district court dismissed Aranda's claims as to the county appellees on November 13, 2006, finding that "the Plaintiff has not obtained an order from the local administrative judge allowing the litigation to proceed within the time period required."

We review a dismissal pursuant to chapter 14 under an abuse-of-discretion standard. *Presiado v. Sheffield*, 230 S.W.3d 272, 274 (Tex. App.—Beaumont 2007, no pet.). A trial court has broad discretion to dismiss an inmate's suit as frivolous "because: (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an in forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants." *Retzlaff v. Texas Dep't of Crim. Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Because the district court did not state the basis on which it found Aranda's suit frivolous, we will affirm on any basis supported by the record. *See Sellers v. Foster*, 199 S.W.3d 385, 390 (Tex. App.—Fort Worth 2006, no pet.).

4

Aranda argues that his claims were not frivolous or malicious under section 14.003(a)(2) because his claims were not, as appellees contend, substantially similar to previous claims he had filed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b) (West 2002). Under section 14.003(b), in determining whether a claim is frivolous or malicious, the court may consider whether "the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts." *Id.* Aranda argues that his claims were not frivolous or malicious under section 14.003(a)(2) because his claims were not, as appellees contend, substantially similar to previous claims he had filed.

The present suit turns on whether, as Aranda contends, he "properly filed" a petition for habeas corpus in state court on October 5, 1999. According to Aranda, appellees prevented his "properly filed" petition from actually being filed. In an order dated June 12, 2001, the federal district court determined that Aranda "ha[d] not exhausted any of his claims in the State court" and, accordingly, granted Respondent's Motion to Dismiss for Failure to Exhaust. In its order, the federal district court cited to sworn affidavits of the TDCJ director indicating that:

(1)     Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals;

(2)     no application for writ of habeas corpus in the name of Roque R. Aranda has been filed with the Texas Court of Criminal Appeals;

(3)     according to the official docket sheet maintained by the District Court of Gaines County, Texas, the Clerk's office received two documents from Petitioner during the period of time from September 15, 1999, through November 15, 1999—(a) a "Supplemental Report in Support of Writ" on November 8, 1999, and (b) another "Supplemental Report in Support of Application" on November 10, 1999;

5

(4)    the Gaines County District Clerk's Office also received a document on May 19, 1999, entitled "Application for Writ of Habeas Corpus;" however, "the document filed by petitioner was only a letter and was not an application for Writ of Habeas Corpus."

Aranda's claims arise from the same operative facts as those at issue in the federal lawsuit and, in fact, seek a determination of exactly the same question already answered by the federal court—whether the state court habeas corpus petition was "properly filed." Nothing in the record supports Aranda's contention that appellees conspired to prevent his "properly filed" application from being filed. We conclude that Aranda's claims are substantially similar to his previously determined federal claim, and that the trial court did not abuse its discretion in characterizing the petition as frivolous or malicious under section 14.003(b). *See id.*

Aranda also argues that he was denied a full and fair hearing of his case and that, despite his request, he was denied a jury trial. Under section 14.003(c), a trial court "may" hold a hearing before dismissing a suit under section 14.003(a), but is not required to do so. *Id.* § 14.003(c); *Presiado*, 230 S.W.3d at 274; *Thomas v. Bilby*, 40 S.W.3d 166, 168 (Tex. App.—Texarkana 2001, no pet.). A trial court's decision on whether to hold a hearing is discretionary. *See Williams v. Brown*, 33 S.W.3d 410, 411 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

According to the record, the district court did, in fact, hold a telephonic hearing with all parties on October 26, 2006, at which Aranda was able to present his arguments. Although Aranda contends that he was denied a jury trial, a chapter 14 dismissal is based on the pleadings and does not contemplate the presentation of evidence before judge or jury. *See* Tex. Civ. Prac.

& Rem. Code Ann. § 14.003.  In addition, to the extent that Aranda complains of the manner in which the hearing was held, telephonic hearings are expressly permitted by the rules of judicial administration.  *See* Tex. R. Jud. Admin. § 7(a)(6)(b).  We conclude that Aranda was afforded a full and fair hearing as contemplated under the applicable statutes.

As to the county appellees, Aranda challenges the district court's order dismissing his claims for failure to obtain an order from the local administrative judge allowing the litigation to proceed.  Aranda argues that there is no evidence that he is a vexatious litigant.

The district court's prior determination as to whether Aranda is a vexatious litigant is not at issue in this litigation.  *See Aranda v. State*, No. 11-05-00246-CV, 2006 Tex. App. LEXIS 898 (Tex. App.—Eastland 2006, pet. denied) (mem. op.) (per curiam) (affirming the trial court's order adjudicating Aranda a vexatious litigant pursuant to section 11.101 of the civil practice and remedies code).  The only issue before us is whether—given the existing order that Aranda is a vexatious litigant—he complied with applicable prerequisites to filing additional state lawsuits.  Aranda makes no contention that he complied with the applicable requirements, and there is no evidence in the record that Aranda obtained the order required for the lawsuit to proceed.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101 (West 2002).  We conclude that the district court properly dismissed Aranda's lawsuit pursuant to section 11.101 of the civil practice and remedies code.  *See id.*

Having determined that Aranda's claims are substantially similar to his previously determined federal claim, that the hearing on Aranda's claim conformed to applicable procedural

7

rules, and that Aranda failed to comply with procedural requirements applicable to vexatious litigants, we overrule Aranda's issues.  The judgment of conviction is affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   February 27, 2009